[No. 10,370.]

THE PEOPLE v. JACOB GIRR.

INDICTMENT. FOR ASSAULT TO COMMIT RAPE. — An indictment charging the
defendant with an assault with the intent to commit a rape need not strictly
follow the language of the statute in describing the offense, but words con-
veying the same meaning may be employed.

APPEAL from the County Court of Lake County.

The defendant was convicted of an assault with an intent to
commit rape. He appealed from the judgment and from an
order denying a new trial. The other facts are stated in the
opinion.

*Welch & Britts*, for Appellant.

*Attorney-General Hamilton*, for Respondents.

By the COURT:

The indictment states that the defendant "did willfully, felo-
niously, and of his malice aforethought commit an assault upon
the person of Caroline Waldfogal, with intent her, the said Car-
oline Waldfogal, then and there to rape." The demurrer, on the
ground, among others, that the facts stated in the indictment do
not constitute a public offense, was overruled.

The Penal Code, sec. 220, provides that "every person who
assaults another, with intent to commit rape," is punishable as
therein provided. But the offense is not particularly described.

It has repeatedly been held that an indictment is sufficient if
it describe the offense charged in the language of the statute.
(See *People* v. *Shaber*, 32 Cal. 36; *People* v. *White*, 34 Cal.
183; *People* v. *Potter*, 34 Cal. 114.) It would have been suf-
ficient, according to the authority of those cases, to have de-
scribed the intent in the language of the statute—that is to say,
to have alleged the felonious assault, "with the intent then and
there upon the person of the said Caroline Waldfogal to com-
mit a rape." In *People* v. *Potter*, *supra*, it is said that it is not
necessary to follow strictly the language of the statute by which

the offense is described, but that words conveying the same meaning may be used. The words employed in the indictment convey the same meaning as the words of the statute, and therefore the indictment is, in that respect, sufficient.

Judgment and order affirmed.