[In Bank.—June 29, 1883.]

## THE PEOPLE, RESPONDENT, *v.* DENNIS BURNS APPELLANT.

CRIMINAL LAW—BURGLARY—SUFFICIENCY OF INFORMATION.—The defendant was accused of the crime of burglary. The information charged that he feloniously and burglariously entered a certain house with intent to commit a rape, but did not state under which set of circumstances, specified in section 261 of the Penal Code, the crime was committed. *Held*, that the information was sufficient.

ID.—CHARGE.—Where the court, in a charge to the jury, reads the whole of a section of the Code, a part only being relevant, the judgment will not be disturbed if it is not apparent that some substantial right of the accused was affected.

APPEAL from a judgment of the Superior Court of Colusa County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Carr & Hatch*, for Appellant.

The information is not sufficient. (*People* v. *Nelson*, 58 Cal. 106; *Greer* v. *State*, 50 Ind. 267; *Commonwealth* v. *De Jardin*, 126 Mass. 46.)

The charge was erroneous. (*People* v. *Bird*, 8 Pac. C. L. J. 334; *Hanks* v. *Naglee*, 54 Cal. 51.)

*Attorney-General*, for Respondent.

The information is sufficient. (*People* v. *Shaber*, 32 Cal. 36; *Commonwealth* v. *Barney*, 10 Cush. 480.)

The charge was not prejudicial. (*People* v. *Cronin*, 34 Cal. 191; *People* v. *Girr*, 53 Cal. 629.

MYRICK, J.—The defendant was accused by the district attorney of the crime of burglary, and the information charged that the accused committed the crime as follows: That he did feloniously and burglariously enter a certain house of one —— [naming a woman], in which said house she, the said [woman named] did then and there reside, with intent then and there to commit a rape upon the said [woman named].

Section 261, Penal Code, defines the crime of rape as the act therein named accomplished under either of six sets of circumstances therein set forth. Objection was made to the information in that it did not state under which set of circumstances specified in this section the act was intended by the defendant to be accomplished. We think the information was sufficient. (*People* v. *Shaber*, 32 Cal. 36; *People* v. *Girr*, 53 Cal. 629.)

In the charge to the jury the court read subdivisions 3 and 4 of section 261, above mentioned, as applicable to the case on trial. Subdivision 3 and the first part of subdivision 4 did relate to the case; but there was no testimony to which the latter part of subdivision 4 would be applicable, in that there was no testimony that any intoxicating, narcotic, or anæsthetic substance was administered or attempted to be administered. The defendant alleges that it was error to read the latter part of this subdivision. The entry into the house in the night time, and the use of force and threats in endeavoring to accomplish' the act, were in evidence; and upon that evidence the jury was justified in convicting the defendant. It is not apparent that the reading of the clause objected to affected any substantial right of the defendant. (§ 1258, Pen. Code.)

Judgment and order affirmed.

ROSS, J., McKEE, J., SHARPSTEIN, J., and THORNTON, J., concurred.