## Roy Parker v. The Territory of Oklahoma.

(Filed Nov. 6, 1899.)

1. Criminal Law—*Indictment for Rape—Necessary Averment.* An ind'ctment for the crime of rape, under the Statutes of Oklahoma, must contain the averment that the female on whom the crime was committed was not the wife of the person accused of the crime.

2. Same—*Essential Elements.* An indictment charging a felony must aver all the essential elements constituting the particular felony charged.

3. Same—*Negative Averment*—Where the statute defining a felony contains a negative averment which is a material and essential part of the definition of the offense, such negative averment must be charged in the indictment.

   (Syllabus by the Court.)

*Error from the District Court of Woods County; oefore Jno. L. McAtee, District Judge.*

*W. W. S. Snoddy* and *T. J. Womack,* for plaintiff in error.

*Harper S. Cunningham, Attorney General* and *Jesse J. Dunn, County Attorney,* for defendant in error.

Roy Parker was convicted of rape, and brings error. Reversed.

## STATEMENT OF THE CASE.

This case originated in the district court in and for Woods county at the May term, 1897. On the 25th day of May, 1897, the grand jury in and for said county returned into court an indictment against the plaintiff in error, charging: "Roy Parker on the 1st day of May, 1897, in the said county of Woods, and Territory of Oklahoma, did wilfully, violently, unlawfully, and feloniously, in and upon one Flossie M. Sleeper, did make an assault, and her, the said Flossie M. Sleeper, then and there, forcibly, unlawfully, and against her will, did ravish and carnally know, and commit a rape upon her, the said Flossie M. Sleeper; that the said Flossie M. Sleeper resisted; and that her resistance was overcome by force and violence used upon and exercised against her, the said Flossie M. Sleeper, by the said Roy Parker, in committing said rape." To which indictment defendant filed a motion to set aside, which motion was overruled by the court. Defendant then filed a general demurrer to said indictment, which demurrer was overruled by the court, which overruling of the said motion to set aside said indictment, and the demurrer to said indictment, was at the time excepted to by the defendant. Afterwards, on the 18th of October, 1897, a challenge was made to the array of jurors by the defendant, which was by the court overruled, and exceptions saved. Defendant then objected to any evidence being admitted in support of the indictment, for the reason that it did not state a public offense, and did not charge any

crime under the laws of the Territory of Oklahoma, which objection was overruled by the court, to which ruling defendant excepted. Case was tried by the jury, and, after hearing the evidence and being instructed by the court, the jury retired, and afterwards returned into court a verdict of guilty. On the 23d day of October, 1897, within three days after the verdict had been returned, defendant filed his motion for a new trial. This motion was overruled, and exceptions saved. On the same day, defendant filed a motion in arrest of judgment. This motion was overruled, to which defendant takes and preserves an exception. Thereupon the court sentenced the defendant to the penitentiary for the term of fifteen years, to which defendant duly excepted. All of which actions of the court and the jury the defendant excepts to, and assigns the same as error, and brings the matter here for review.

Opinion of the court by

IRWIN, J.: Several assignments of error are urged by the plaintiff in error for a reversal of this case, but we think it only necessary to refer to one, viz., that the court committed error in overruling the demurrer to the indictment. By the laws of this Territory, as amended by the act of 1895, p. 104, rape is defined as follows:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances:

"First. Where the female is under the age of sixteen years, of previous chaste and virtuous character.

"Second. Where she is incapable through lunacy, or any other unsoundness of mind, whether temporary or permanent, of giving legal consent.

"Third.  Where she resists, but her resistance is over-
come by force or violence.

"Fourth.  Where she is prevented from resisting by
threats of immediate and great bodily harm, accompa-
nied by apparent power of execution.

"Fifth.  Where she is prevented from resisting by any
intoxicating,  narcotic  or anaesthetic agent,  adminis-
tered by or with the privity of the accused.

"Sixth.  Where she is at the time unconscious of the
nature of the act, and this is known to the accused.

"Seventh.  Where she submits under the belief that
the person committing the act is her husband, and this
belief is induced by artifice, pretense, or concealment
practiced by the accused with intent to induce such be-
lief."

The indictment in this case is no doubt framed under
the third clause of this definition of rape as contained
in our statute, and its sufficiency must be measured
and tested by the statute.  The question presented by
this demurrer is, was the language, "not the wife of
the said Roy Parker," a necessary and material allega-
tion in said indictment, and is the omission of this
statement a fatal defect in said indictment?  We think
it only necessary, in deciding this question, to refer to
the case of *Young v. Territory*, 8 Okla. 525, and to repeat
the reasoning  contained in said case, which decision
and reasoning we fully concur in; said case, and the
reasoning therein contained, being applicable to and de-
cisive of the question involved in the case at bar.  In
the case above cited this court says:

"It is intended that the indictment should contain the
averment that the prosecutrix was not the wife of the

accused. In order to an intelligent discussion and determination of this question, we should go back and examine some of the well-settled and general rules of criminal pleading. At common law 'rape was the carnal knowledge of a woman by a man, forcibly and against her will,' and many of the states still adhere to this definition. In this definintion there is nothing said as to whether the woman is the wife of the person charged. Also, at common law a husband might be guilty of rape on his wife, by assisting, aiding, or procuring another to commit the act. (*Com. v. Fogerty*, 8 Gray, 489.) Hence, under the old definition of the crime of rape, and under old forms of pleading, the fact of whether or not the prosecutrix was the wife of the accused did not necessarily enter into the case. But it will be observed that our statute has introduced a new element into the definition of the crime of rape, and such element constitutes one of the essential ingredients of the offense. The definition of rape, as contained in our statute, cannot be read, and eliminate the clause, 'not the wife of the perpetrator.' This new element introduced into the crime is not a matter of excuse for the defendant, to be pleaded and proved by him, but is a necessary and essential element of the crime itself, which must be established by the prosecution in order to make the crime complete, and, if material to prove, then is required to be charged."

It will be seen by an examination of this statute that the language, "not the wife of the accused," is made a part of the definition of the crime itself; and, while this statement is negative in its character, it is nevertheless ·a negative averment necessary to charge the crime of rape. It is a well-recognized principle of common law that in order to convict any person of any crime, every material element and necessary ingredient to constitute the crime must be proven to the satisfaction of the jury,
—8

beyond a reasonable doubt, and every material element and necessary ingredient incumbent upon the commonwealth to prove must be charged in the indictment. Hence, in this case, as the allegation that the prosecutrix was not the wife of the accused was a material and necessary part of the definition of the offense, and the omission of which would render it impossible to make the charge of rape against the accused under the laws of this Territory, we think there is no doubt that the failure to charge this fact in the indictment was fatal to the indictment, and that the demurrer should have been sustained by the court below.

Mr. Justice Clifford, in the case of *U. S. v. Cook*, 17 Wall, 168, 21 L. Ed. 538, in pronouncing the opinion of the court, says: "Offenses created by statute at common law must be accurately and clearly described in an indictment, and if they cannot be, in any case, without an allegation that the accused is not within an exception contained in the statute defining the offense, it is clear that no indictment founded upon the statute can be a good one which does not contain such an allegation, as it is universally true that no indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offense is composed. With rare exceptions, offenses consist of more than one ingredient, and in some cases of many; and the rule is universal that every ingredient of which the offense is composed must be accurately and clearly alleged in the indictment, or the indictment will be bad, and may be quashed on motion, or the judgment may be arrested or be reversed on error."

The supreme court of Dakota, in the case of *Territory v Scott*, 2 Dak. 212, 6 N. W. 435, states the rule thus: "When the exception or proviso is so introduced as to constitute a part of the definition or description of the offense, it must be negatived."

In the case of *State v. Abbey*, 29 Vt. 60, it is said: "If an exception is so incorporated with and becomes part of a penal enactment as to constitute a part of the definition or description of the offense, an indictment for the violation of such statute must negative such exception. It is the nature of the exception, and not its location, which determines the question."

We are aware that some of the states, (notably, the state of Kansas,) have held that this averment is not a necessary part of the charge in the indictment. But it will be found, on an examination of the statutes of Kansas, that this statement, "not the wife of the perpetrator," is not a material part of the definition of the crime of rape, as defined in that statute. Hence, under an indictment for the crime of rape in the state of Kansas, this averment might not be necessary, and, as the indictment in the cases under consideration by the Kansas court were practically in the language of the statute of that state, we can readily see that the indictment might have been held good by the court without this statement; and. we think it will be found, on an examination of the statutes of the various states in which it has been held that this averment is unnecessary, that the indictment was under statutes defining the crime of rape in other and different language from our own.

It is urged by the defendant in error that this objection is purely technical, and hence should not be considered by the court. While it partakes somewhat of the nature of a technical objection, it is nevertheless the asserting of a real, substantial, statutory right of the defendant, and it is a well-recognized principle of law that the depriving of any defendant in a criminal case of any material statutory right implies a material injury to his interests; and so carefully and conscientiously does the law guard and protect the rights of any defendant, and the life and liberty of any citizen is held so sacred under the laws of this land, that no man can be convicted of any crime, unless upon a clear, concise, and intelligent statement, and a well-defined charge made against him in the manner and form provided by law, and when the proof is so clear and convincing as to remove from the mind of the jurors every reasonable doubt of his guilt. It is one of the statutory rights guaranteed to every defendant, that the indictment brought against him shall charge every necessary and material ingredient essential to constitute the crime charged; and to put a defendant on trial under an indictment charging less than this, over his objection, is the denial of a statutory and constitutional right. And in this case we think the error of the court in overruling the demurrer to the indictment was an error which materially affected the statutory rights of the defendant.

An examination of the evidence in the case does not fully satisfy us that the proof in this case was sufficient to show the crime of rape. The rule adopted by the courts in cases of rape is that there must be the utmost

of force and the utmost of resistance; and we are not prepared to say, on an examination of this testimony, that such fact was made to appear as clearly and conclusively as it should have been. The proof on this subject is not entirely satisfactory, but, as the case must be reversed for the error first above referred to, it is unnecessary to discuss the evidence, or the weight of evidence.

For the error committed by the trial court in overruling the demurrer to the indictment, this case will be reversed, and the cause remanded to the district court, with instructions to sustain the demurrer to the indictment.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.