[Crim. No. 155.   First Appellate District.—November 10, 1908.]

THE PEOPLE, Respondent, v. FRED MILES, Appellant.

CRIMINAL LAW—RAPE—INSUFFICIENT INFORMATION—WIFE OF ACCUSED NOT NEGATIVED.—An information for rape under section 261 of the Penal Code, which does not aver that it was accomplished with a female "not the wife" of the defendant, does not state a public offense. Such allegation is necessary because it is part of the definition of the crime.

ID.—MATERIAL FACT NOT ALLEGED NOT PRESUMED—PRESUMPTION OF INNOCENCE.—The law does not presume any material fact not stated in the information, as all presumptions are in favor of innocence unless expressly negatived. An essential fact that it is necessary to prove must be alleged.

ID.—INFORMATION MUST COVER STATUTE—EXCEPTIONS MUST BE NEGATIVED.—An information founded upon a statute must cover every element included in the statutory definition of the crime; and exceptions contained therein must be negatived, in order that the description of the crime may in all respects correspond with the statute.

ID.—ASSAULT WITH INTENT TO COMMIT RAPE.—The crime of an assault with intent to commit rape being based upon a different section of the Penal Code, which contains no exception, it is sufficient to charge that offense in the language of the statute defining it, without a negative allegation.

APPEAL from a judgment of the Superior Court of the County of Alameda, and from orders denying a new trial and denying a motion in arrest of judgment. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Frank L. Rawson, and Burton J. Wyman, for Appellant.

U. S. Webb, Attorney General, Everett J. Brown, District Attorney, and Walter J. Burpee, Deputy District Attorney, for Respondent.

COOPER, P. J.—Defendant prosecutes this appeal from a judgment convicting him of the crime of rape, and the order denying his motion for a new trial.

It is claimed that the court erred in denying his motion in arrest of judgment, for the reason that the information fails to charge the defendant with the crime of rape as defined by the Penal Code with reference to this case, to wit, "an act of sexual intercourse accomplished with a female not the wife of the perpetrator . . . where she resists but her resistance is overcome by force or violence." (Pen. Code, sec. 261.)

The information accuses the defendant of rape committed as follows: "The said Fred Miles, prior to the time of filing this information, and on the 26th day of June, A. D. 1907, at the said county of Alameda, State of California, did then and there in and upon one Carrie E. Welte, a female, violently and feloniously make an assault, and her, the said Carrie E. Welte, then and there feloniously did ravish and carnally know, against her will and by force." There is no allegation or statement that the female was not the wife of the defendant. Such allegation is necessary, because it is a part of the definition of the crime. The law does not presume any material fact not stated in the information as all presumptions are in favor of innocence. If the matters and things set forth in the information may be true under certain circumstances, and the defendant under such circumstances and conditions not guilty of any crime, then the information is not sufficient. (*People* v. *Terrill,* 127 Cal. 99, [59 Pac. 836]; *People* v. *Schmitz,* 7 Cal. App. 330, [94 Pac. 419].) It would not for a moment be contended that in order to convict the defendant it was unnecessary to prove that the female was not his wife. The prosecution recognized the rule, and did make such proof. It is elementary that an essential matter that it is necessary to prove in a criminal case must be alleged. The pleading is the allegation in proper form of the material facts constituting the case for the prosecution. It has always been held in

this state that where a crime is defined in the Penal Code it is necessary to charge the commission of the crime in the language of the code, or in language substantially the same. It is a rule that has been so often repeated and is so easily followed that there is no excuse for departing from it. We can only repeat that in cases where district attorneys disregard this fundamental rule it is our duty to hold the information insufficient. It is much more important that our rulings should be certain and uniform than that some particular case may be affirmed.

The Penal Code states that rape is an act of sexual intercourse "accomplished with a female not the wife of the perpetrator." The information in this case states that the defendant did ravish and carnally know Carrie E. Welte. Conceding that to carnally know means the same as sexual intercourse (*People* v. *Carroll,* 1 Cal. App. 2, [81 Pac. 680]), it is simply alleged that the defendant had sexual intercourse with Carrie E. Welte. It is true that it is alleged that the defendant "feloniously did ravish and carnally know," but such words only describe the manner by which the intercourse was accomplished, and do not in any way aid in determining that the female was not the defendant's wife. It was long ago said by eminent authority that if exceptions are "in the enacting clause it will be necessary to negative them in order that the description of the crime may in all respects correspond with the statute." (2 Hale's Pleas of the Crown, 170; *Rex* v. *Jarvis,* 1 Burr. 148.) It is said in Bishop's New Criminal Procedure, section 631, that if a criminal statute contains exceptions, "those which are affirmative elements in the offense must be negatived in averment."

The precise question here has been passed upon by the supreme court of Texas in several cases in accord with the views we have expressed. In *Rice* v. *State,* 37 Tex. Cr. 36, [38 S. W. 801], the information failed to state that the prosecutrix was not the wife of the defendant; and it was held that it did not state a public offense. The court, after discussing the rule and the reasons therefor, said: "Applying this rule to the construction of this statute it will be seen that the words 'other than the wife of the person' occur in the body of the enacting clause. The offense cannot be read without reading this. It does not occur in any proviso or distinct

substantive clause, but is a part of the act itself; and under the rules heretofore laid down the indictment should negative the fact that the alleged injured female was the wife of the defendant." (See, further, *Bice* v. *State,* 37 Tex. Cr. 38, [38 S. W. 803] ; *Edwards* v. *State,* 37 Tex. Cr. 242, [38 S. W. 996, 39 S. W. 368] ; *Dudley* v. *State,* 37 Tex. Cr. 543, [40 S. W. 269].)

In a recent case the supreme court of Oklahoma have held the same rule in a learned and exhaustive opinion. (*Young* v. *Territory,* 8 Okl. 525, [58 Pac. 724].) It is there said: "It is contended that the indictment should contain the averment that the prosecutrix was not the wife of the accused. In order to an intelligent discussion and determination of this question, we should go back and examine some of the well settled and general rules of criminal pleading. At common law 'rape was the carnal knowledge of a woman by a man forcibly and against her will,' and many of the states still adhere to this definition. In this definition there is nothing said as to whether the woman is the wife of the person charged. Also at common law a husband might be guilty of rape on his wife by assisting, aiding or procuring another to commit the act. (*Commonwealth* v. *Fogarty,* 8 Gray, 489, [69 Am. Dec. 264].) Hence under the old definition of the crime of rape, and under old forms of pleading, the fact of whether or not the prosecutrix was the wife of the accused did not necessarily enter into the case. But it will be observed that our statute has introduced the new element into the definition of the crime of rape, and such element constitutes one of the essential elements of the offense. The definition of rape as contained in our statute cannot be read and eliminate the clause 'not the wife of the perpetrator.' This new element introduced into the crime is not a matter of excuse for the defendant, to be pleaded and proved by him, but is a necessary and essential element of the crime itself, which must be established by the prosecution in order to make the crime complete, and if material to prove then it is required to be charged."

The same ruling was adhered to in *Parker* v. *Territory,* 9 Okl. 109, [59 Pac. 9].

It was said by the supreme court of the United States in *United States* v. *Cook,* 17 Wall. 169: "Offenses created by statute at common law must be accurately and clearly de-

scribed in an indictment, and if they cannot be in any case without an allegation that the accused is not within an exception contained in the statute defining the offense, it is clear that no indictment founded upon the statute can be a good one which does not contain such an allegation, as it is universally true that no indictment is sufficient that does not accurately and clearly allege all the ingredients of which the offense is composed. With rare exceptions offenses consist of more than one ingredient, and in some cases of many; and the rule is universal that every ingredient of which the offense is composed must be accurately and clearly alleged in the indictment, or the indictment will be bad, and may be quashed on motion, or the judgment may be arrested, or be reversed on error.''

The question does not appear to have been before our supreme court, except in the case of *People* v. *Miller* (Cal.), 78 Pac. 227, and it was there held that the information in that case did allege that the female'was not the wife of the defendant.

Our attention is called to one case, and only one, where a contrary ruling was held under a statute similar to ours, and that is *State* v. *Williams,* 9 Mont. 179, [23 Pac. 335]. It will be seen, however, by an examination of that case that the reasoning of the court and the authorities cited support the rule as we have stated it; but the court seems to have been influenced by the cases decided under the common-law rule and the case of *People* v. *Estrada,* 53 Cal. 600. In *People* v. *Estrada* the defendant was not charged in the information with the crime of rape, but with an assault with an intent to commit rape under an entirely different section of the code. (Pen. Code, sec. 220.) That section reads: ''Every person who assaults another with intent to commit rape. . . .'' Nothing is said as to the party not being the wife of the defendant; and the legislature intended the definition of rape to be learned by a reference to the statute defining the crime. It was held in effect that the information charged the offense in the language of the statute, and that was sufficient. It was wholly unnecessary to charge that the assault was made with the intent to commit rape, and then to state the elements and circumstances necessary to constitute the crime of rape as defined in another section of the code; and this is in accord

with a principle well settled in this state. Thus, in *People* v. *Henry,* 77 Cal. 445, [19 Pac. 830], where the defendant was charged with burglary in entering the store of the San Diego and Coronado Water Company, it was held that it was not necessary to state that the company was a corporation or copartnership. So in an indictment for burglary charging the defendant with entering a building with intent to commit larceny, it is not necessary to state who was the owner of the property, or the other elements of larceny as defined in the Penal Code in a different section. (*People* v. *Shaber,* 32 Cal. 36.) And where the allegation in an indictment for burglary charged the entry to be with an intent to commit rape, it was held not to be necessary to allege the circumstances specified in the statute defining rape. (*People* v. *Burns,* 63 Cal. 614.) The latter case is the same in principle as *People* v. *Estrada, supra.* It is thus plainly to be seen that the Estrada case is not in point as to an information charging the crime of rape. The supreme court of Montana does not seem to have fully comprehended its meaning. (See, also, *People* v. *Girr,* 53 Cal. 629.)

As the offense attempted to be charged is not barred by the statute of limitations, the court may, if there is reason to believe the defendant guilty, order him to be recommitted to the officer of the proper county or admitted to bail anew, to answer a new indictment or information. (Pen. Code, secs. 1187, 1188.)

As the case may be tried again, we have not passed upon the sufficiency of the evidence to sustain the verdict. The evidence upon a new trial may be strengthened in the respects where it is claimed to be weak. In case of a new trial the district attorney, as an officer of the law, should be careful to satisfy himself, and the trial judge should be satisfied, that the crime was actually committed, and that the defendant is the party who committed it. The sentence of thirty-five years' imprisonment in this case is a serious matter, and should not be inflicted unless the evidence shows beyond a reasonable doubt that the defendant is guilty. However, these are matters for the district attorney and the trial judge; and we apprehend that such proceedings will be had that defendant will not be convicted unless he is clearly proven guilty.

The judgment and orders are reversed. The court below may allow a new information or indictment as provided by section 1188 of the Penal Code, if deemed advisable.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 7, 1909.