[Crim. No. 81. Third Appellate District.—February 4, 1909.]

THE PEOPLE, Respondent, v. LUTHER EVERETT, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT "RAPE"—INFORMATION—FAILURE TO NEGATIVE WIFEHOOD OF PROSECUTRIX TO ACCUSED—JURISDICTION.—An information charging the crime of an assault with intent to commit "rape," which does not show that the prosecutrix was "not the wife of the perpetrator," as required by section 261 of the Penal Code, defining the crime of "rape," does not state a criminal offense within the original jurisdiction of the superior court.

ID.—CRIME OF MERE "ASSAULT"—ABSENCE OF ORIGINAL JURISDICTION.—It cannot properly be maintained that the information is to be construed as charging merely the crime of "assault," since that offense is clearly not within the original jurisdiction of the superior court.

ID.—INTENT "BY FORCE AND VIOLENCE TO CARNALLY KNOW."—The charge of an intent "feloniously and by force and violence to carnally know" the prosecutrix, "and accomplish with her an act of sexual intercourse against her will and without her consent," cannot in any way aid in determining that the prosecutrix was not the defendant's wife.

ID.—INSTRUCTION—PRESUMPTION OF GUILTY INTENT FROM UNLAWFUL ACT.—A correct abstract instruction that a malicious and guilty intent is presumed from the deliberate commission of an unlawful act for the purpose of injuring another should not be given without qualification upon a charge of an assault with intent to commit rape, which intent is denied by the defendant. It should not be conclusively presumed from the assault that its intent was to ravish the prosecutrix, though such intent may have existed.

ID.—EVIDENCE—HEARSAY—CONVERSATION WITH THIRD PARTY CONCERNING PROSECUTRIX.—A question asked of the mother of the prosecutrix as a witness, as to what a third party stated as to her daughter's brave and collected conduct as a witness, was improperly admitted as calling for hearsay testimony.

ID.—SUPPORT OF VERDICT.—*Held,* that notwithstanding the strangeness of the case, and the uncertainty of the testimony, yet, if the defendant made the assault as testified to by the prosecutrix, it is hard to conceive what other motive he could have in view, and that, considering all the circumstances, it cannot be said that the verdict is without support.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order denying a motion for a new trial. A. I. McSorley, Judge.

The facts are stated in the opinion of the court.

Solinsky & Wehe, John Hancock, and Snyder & Snyder, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

BURNETT, J.—The information upon which a verdict was rendered of "guilty as charged" is as follows: "L. Everett is accused by the district attorney of the said county by this information of the crime of assault with intent to commit rape, a felony, committed as follows: The said L. Everett on or about the twenty-fourth day of July, one thousand, nine hundred and seven, at the said county of Calaveras, and before the filing of this information, did then and there willfully, unlawfully, feloniously, violently and forcibly make an assault upon one Edna Leavitt, a female, with the intent then and there feloniously and by force and violence to carnally know said Edna Leavitt and accomplish with her an act of sexual intercourse, against her will and without her consent, contrary to," etc.

A motion in arrest of judgment was made, the appellant claiming that the information fails to state an offense of which the superior court has jurisdiction. The specific objection to the information is that there is no allegation that the female upon whom the assault was made is not the wife of the defendant. It is claimed that this is a material part, an essential ingredient of the crime of rape, and since the district attorney, instead of using the term "rape" in the charging part of the information, has attempted to define it and has omitted a vital element prescribed by the code, it must be taken as a case where there is a failure to allege sufficient facts to show an offense triable in the superior court. In other words, the contention is, that in consequence of said failure to cover all the material facts constituting the crime of rape, the information is the same as though charging simply an assault—an offense admittedly not within the original jurisdiction of the superior court.

The position of appellant must be sustained. The question quite recently has been under consideration by the court of appeal of the first district in the case of *People* v. *Miles,* 9 Cal. App. 312, [101 Pac. 525], of which the supreme court denied a rehearing, and it is therein said, through the learned

presiding justice: "The law does not presume any material fact not stated in the information as all presumptions are in favor of innocence. If the matters and things set forth in the information may be true under certain circumstances, and the defendant under such circumstances and conditions not guilty of any crime, then the information is not sufficient. It would not for a moment be contended that in order to convict the defendant it was unnecessary to prove that the female was not his wife. It is elementary that an essential matter that it is necessary to prove in a criminal case must be alleged. It has always been held in this state that where a crime is defined in the Penal Code it is necessary to charge the commission of the crime in the language of the code, or in language substantially the same. . . . The Penal Code (sec. 261), states that rape is an act of sexual intercourse 'accomplished with a female not the wife of the perpetrator,' " and it is declared that this qualification is an essential part of the description of the crime, and that it must appear in the information or else it is fatally defective.

It is also held—in opposition to the contention of the attorney general here—that the words " 'feloniously did ravish and carnally know' only describe the manner by which the intercourse was accomplished, and do not in any way aid in determining that the female was not the defendant's wife." In *People* v. *Gonzalez,* 6 Cal. App. 255, [91 Pac. 1013], it is also held that the people must prove that the prosecutrix is not the wife of defendant, and the case was reversed for insufficiency of the evidence in that particular.

*People* v. *Estrada,* 53 Cal. 600, is cited as holding to the contrary, but, as pointed out in the Miles case, *supra,* the defendant in the Estrada case was charged in the language of section 220 of the Penal Code, and it was properly held that this was sufficient. "It was wholly unnecessary to charge that the assault was made with the intent to commit rape, and then to state the elements and circumstances necessary to constitute the crime of rape as defined in another section of the code." It bears analogy to the crime of burglary. It has always been held sufficient to allege that the defendant entered the building with intent to commit larceny without setting out the elements constituting the larceny.

The question involves an elementary and important principle of criminal pleading and practice, and the error cannot

be ignored without doing violence to the constitutional and statutory rights of the defendant.

Among the instructions given by the court were: "There are certain presumptions of law regarding a person's intent by which you should be governed. These are that a malicious and guilty intent is conclusively presumed from the deliberate commission of an unlawful act for the purpose of injuring another. That a person is innocent of crime or error; that an unlawful act was done with an unlawful intent; that a person intends the ordinary consequences of his voluntary act." It is admitted that the foregoing instructions are correct as abstract propositions of law, but it is insisted that they were misleading in that they might be understood as justifying the inference of intent to commit rape from the commission of the assault. The probability of this construction is emphasized by the positive testimony of the prosecutrix that the defendant took hold of her violently, but she nowhere states that he made any indecent proposals, used any lascivious language or was guilty of any lewd conduct. In fact, his threats would indicate that his design was to kill her. It may be that the purpose of the defendant was to ravish the prosecutrix, but it certainly should not be conclusively presumed from the deliberate commission of the assault. These instructions are quite proper in the ordinary offense involving a single element, but are liable to be misconstrued in a charge of one offense with intent to commit an entirely different one. It is not necessary to decide whether this was prejudicially erroneous in view of other instructions that were given, but in the event of another trial the danger suggested should be obviated by appropriate qualification of the instructions as to presumption or else they should be omitted altogether.

Mrs. Leavitt, a witness for the defendant, was interrogated as follows: "Now Mrs. Leavitt, did J. E. King, in that conversation with yourself . . . say 'she'—referring to Edna Leavitt—'is not nervous or excited, and certainly knows what she is talking about, you have a very brave daughter and she was lucky to get off as she did?' "

An objection to the question was overruled and the witness answered in the affirmative. We think the objection should have been sustained, as the question called for hearsay testimony. It is contended that it was proper impeachment of the witness King, who had testified as to a conversation he had

with the said Edna Leavitt, in which he declared she said, "I don't know positively it was Mr. Everett. I think it was Mr. Everett." This declaration to Mrs. Leavitt does not purport to give any conversation with the daughter and is not contradictory to King's testimony, but is merely the expression of an opinion which may have been exceedingly prejudicial to appellant.

Appellant earnestly asserts that the evidence is utterly insufficient to justify the conviction. Among other things it is insisted that, "assuming that the story of the prosecutrix is true, it does seem incredible that if defendant had intended the crime of rape that under all the circumstances he had not done some act which would have evidenced that design."

It is indeed a strange case, and the evidence is not very persuasive of defendant's guilt of the offense charged. Still, if he made the assault as testified to by the prosecutrix, it is hard to conceive what other motive he could have had in view, and, considering all the circumstances, we are not prepared to say that the verdict entirely lacks support.

The judgment and order are reversed. The court below may allow a new information or indictment, as provided by section 1188 of the Penal Code, if deemed advisable.

Chipman, P. J., concurred.

HART, J., Concurring.—I concur in the judgment. I assent to that portion of the opinion in which the information is held to be fatally defective, because it omits to state that the prosecutrix is not the wife of the accused, upon the sole ground that the appellate courts of this state have so construed section 261 of the Penal Code as to require such allegation in order to properly state the crime therein defined, and that such construction seems now to be the settled rule in California.

I am of the opinion, however, that the instruction in which the jury were told that "a malicious and guilty intent is conclusively presumed from the deliberate commission of an unlawful act for the purpose of injuring another," is prejudicially erroneous. Under the information here it was competent for the jury to return a verdict of simple assault, and, while I agree that there may be evidence sufficient to support the verdict, it is equally true that, under the evidence, the

jury would have been clearly justified in returning a verdict of simple assault. The vice of the instruction is that the jury were instructed in effect that the mere assault was sufficient to justify the indulgence by them of a conclusive presumption that the accused was guilty of the crime of an assault with intent to commit rape. It is manifest that, under such instruction, the jury could have concluded, even if they in fact did not do so, that, notwithstanding the fact that the evidence was not of sufficient probative strength to persuade a conviction that the specific crime charged was committed, they were nevertheless required to conclusively presume it to have been committed from the fact of the commission of the assault under the circumstances disclosed by the record. These circumstances are sufficiently referred to in the opinion of Justice Burnett to show that such an instruction could have had none other than a highly prejudicial effect.