PEOPLE, PLAINTIFF AND APPELLEE, *v.* CORTÉS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Rape.

No. 818.—Decided June 24, 1916.

RAPE—INFORMATION.—Under subdivision 1 of section 255 of the Penal Code, an information charging the rape of a female under fourteen years of age must allege as an essential requisite and in order to charge a *prima facie* crime that the victim is not the wife of the accused.

ID.—ID.—WAIVER.—The failure to allege in an information charging the rape of a female under fourteen years that the victim was not the wife of the accused is a substantial defect and is not understood to be waived by the defendant's plea of not guilty.

The facts are stated in the opinion.

*Mr. Enrique González Mena* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant, appellant, was convicted of rape under an information charging that "the said Pedro Cortés, prior to the filing of this information or about the month of May, 1914, in Aguadilla, within the judicial district of the same name, unlawfully and wilfully had carnal intercourse with Julia Cruz, a girl less than fourteen years of age."

At the beginning of the trial defendant moved to dismiss the case upon the ground that the information charges no offense for the reason, among others too frivolous to admit of serious discussion, that it fails to allege that the injured female is not the wife of the accused. This motion was over-ruled and exception was taken, and the action of the court in this regard is assigned as error.

Section 255 of the Penal Code reads in part as follows:

"Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under any of the following circumstances:

"1. Where the female is under the age of fourteen years."

\*          \*          \*          \*          \*          \*          \*

The only question thus raised necessary to be considered is whether the clause ''accomplished with a female not the wife of the perpetrator'' embodied in the statutory definition just quoted constitutes an essential element of the crime and must therefore be set up in the information in order to charge a *prima facie* offense, or whether the law only saves to the defendant his common-law right to establish the matrimonial relation as a matter of defense, and, in so doing, merely creates an exception which, though incorporated in the statutory definition, need not be anticipated by a negative averment upon the part of the prosecution.

Although this is the most important, if not the one vital, issue involved in the appeal, appellant, as frequently occurs, simply raises the question and without citation or argument leaves the investigation thereof entirely to the court. The *fiscal* in reply casually calls attention to the fact that the decisions are not uniform, refers us to 33 Cyc. 1440, in support of the rather bald statement that the weight of authority sustains the ruling of the court below, and, wholly ignoring the Texas and Oklahoma cases mentioned in the note, quotes from the one California case therein cited, *People* v. *Estrada,* 53 Cal. 600, clearly distinguished as ''not in point as to an information charging the crime of rape'' in *People* v. *Miles,* 101 Pac. 527, and elsewhere.

It is, moreover, a curious coincidence that, notwithstanding the striking illustration afforded by the decided cases of the extreme difficulty which is at times encountered in applying to the peculiar circumstances of a particular case a perfectly plain elementary principle of criminal pleading, no authoritative text-writer seems to have seized the obvious opportunity so presented for the philosophical clarification of a rather close and very interesting question.

Thus Wharton summarily disposes of the general principle involved by simply grouping a few cases in illustration of his definition of crime under the footnote sub-head: ''Negativing exceptions in statute not necessary unless the

exception is such as to render the negativing of it an essential part of the definition or description of the offense charged." 1 Wharton's Criminal Law, section 14, at page 19. Again at page 921 of the same volume, section 728, he tells us that "the non-marriage between prosecutrix and the accused must be shown," and while in discussing the requirements of an indictment for an attempt, at page 302, section 231, he points out that "it is a familiar principle of criminal pleading that when an act is only indictable under certain conditions then these conditions must be stated in the indictment," and while the language used at page 938, section 737, to wit (italics ours), "under statute, *in the absence of a provision requiring it,* it is not necessary to set out in the indictment that the woman ravished was not the wife of the defendant," seems to be somewhat vaguely cautious, yet the only citation given is *"Post,* section 740." Following this lead, not only do we find small comfort in the paragraph so referred to, but in the next following section we are squarely confronted with the broad and unqualified assertion that "an indictment for rape need not allege that the female outraged was not the wife of the defendant," with full citation of such cases as tend to support the text but none *in contra.*

Similarly, Bishop in his work on Statutory Crimes, at page 410, third edition, section 481, takes issue with the Ohio court upon a somewhat analogous question arising under a rather unique Ohio statute, and upon sound principle correctly applied to the facts there involved, reaches the very logical conclusion that "where the woman is not the 'daughter or sister,' this fact is simply a matter of defense against the higher charge." "And," he very properly adds, "it is a rule of criminal pleading that matter of defense, though inserted in a statute, need not be negatived in the indictment thereon." But no mention is made of the question now before us. Again, quoting a somewhat loose expression that is conspicuous in certain of the opinions rendered by the highest courts of States whose penal codes con-

tain a clause similar to that now under consideration, but without citation of these cases, he observes, at page 283, section 326, vol. 1, New Criminal Procedure, that "occasionally, in the opinions of judges, we meet with such language as that 'if all the facts alleged in an indictment may be true and yet constitute no offense, the indictment is insufficient.'" And his comment is: "To render this expression correct, it must be interpreted to mean that the indictment is inadequate when all the facts charged in it, if true, do not complete the sum of a *prima facie* crime. In no other sense is the doctrine of this quotation sustained by any actual adjudication of any judge."

Also the same eminent authority, at page 1883, vol. 3 of the work last mentioned, section 956, says: "A man cannot commit rape of his wife, except as principal in the second degree, yet the indictment need not negative a marriage between the defendant and the injured woman." Here but a single case, *People* v. *Everett*, 101 Pac. 528, is mentioned as *contra* and *Belcher* v. *State* (Texas Criminal Appeals, 1898), .44 S. W. 519, and *Parker* v. *Territory*, 9 Okla. 109, 59 Pac. 9, are cited in support of the text. In the Belcher case the Texas court said (italics ours):

"There is nothing in appellant's motion in arrest of judgment based on the failure of the indictment to charge that the prosecutrix was not the wife of appellant. This, under the statute, applies only to two characters of persons on whom a rape may be committed. One is rape upon a woman being so mentally diseased at the time as to have no will to oppose the act of carnal knowledge, and the other is the carnal knowledge of a female under the age of 15 years. *In all such cases the statute requires that the indictment should contain the allegation that such person is not the wife of the defendant.* We do not understand this to apply to an ordinary charge of rape by force, threats, or fraud on a woman of the age of consent."

That portion of the Texas statute pertinent to the question at issue herein is set forth and the uniform interpretation placed thereon by the Texas courts is well illustrated

in *Rice* v. *State,* 38 S. W. 801. In the Parker case, under a
statute identical with our own as to the portion now under
consideration, the Supreme Court of Oklahoma, in a well-
reasoned opinion, held, to quote the syllabus, that: "An in-
dictment for the crime of rape, under the statute of Oklahoma,
must contain the averment that the female on whom the
crime was committed was not the wife of the person accused
of the crime." Yet these cases are neither approved, dis-
tinguished nor criticised, either here or elsewhere, and the
numerous other well-considered decisions to the same effect
by appellate courts of the states where our own or a like
statutory definition is found are not even mentioned.

The embarrassment involved in any attempt under our
own code definition to adhere to the common-law rule as
stated by Wharton and Bishop, is well illustrated by the
painful effort of the Montana Supreme Court in *State* v. *Wil-
liams,* 23 Pac. 335. On the other hand, that the theory hold-
ing the exception made in the statute to be an essential ele-
ment of the offense rather than a matter of defense may
breed some inconvenience, is suggested by the case of *Ex
parte Kantrowitz,* 140 Pac. 1078. The inconsistency in-
volved, however, if it be an inconsistency, seems to be but
little if any more anomalous than that suggested by the
similarly, if not equally, paradoxical proposition at common
law as stated by Bishop, *supra.* See also Clark and Marshall's
Law of Crimes, p. 422, section 300.

Moreover, while as for example in the text last cited, "it
is usually stated that a man who has sexual intercourse with
his wife without her consent is not guilty of rape because
the intercourse is not unlawful," yet "the better theory is
that by marriage the wife consents to the intercourse with
her husband, which consent she cannot withdraw, but she
does not consent to intercourse with another; hence it is a
question of consent rather than the unlawfulness of the inter-
course. 1 Hale P. C. 629." 33 Cyc. 1419, note. And the

view last mentioned would seem to bridge the difficulty quite as effectively under the statute as at common law.

Also, if this be the sounder view of the common-law doctrine, then in seeking to justify the same on the somewhat more plausible ground of a sort of inequitable estoppel by consent, irrevocably given at the time of the marriage ceremony, it practically obliterates whatever excusatory and therefore defensive features may have characterized the common-law exemption of a husband from criminal responsibility by reason of a technical personal right resulting from his civil status, and plainly discloses the true nature and intrinsic character of the statutory exception, as going not like impotence to the "fitness of the offender to commit the offense" but rather like the age or mental condition of a passive victim to the "fitness of the object of the offense,"— as involving not so much the unconscionable common-law right of the husband to force a resisting wife to his unwelcome embraces as the question of consent in its bearing upon the very gist of the offense, both at common law and under the statute,—as constituting not a mere exculpatory exception to a *crimen generalissimum* but a positive limitation upon the scope of the offense, restricting its operation to a particular class of persons and imposing thereon certain specified conditions. Penal Code, section 257. 1 Wharton, Criminal Law, section 175, p. 219 *et seq.;* section 180, p. 222 *et seq.;* section 696, p. 869; section 698, p. 893; Wharton's Criminal Pleading and Practice (ninth ed.), section 241, p. 167.

The general principle by which we should be guided is concisely stated by Bishop in volume 2 of his New Criminal Procedure, Chapter XXXVIII. "The substantial requirements of the indictment," sections 513 (sub-divisions 1 and 5), 513a, 519; Chapter XL, "Methods special to indictments on statutes," section 593,—sub-division III, "The rule following the words of the statute," sections 612, 614,—sub-division V, "What the indictment must negative and in what form," page 491, sections 631 *et seq.* And while strangely

enough even here, among copious illustrations of the rule, no mention whatever is made of the statutory clause common to a number of states, now under consideration, as furnishing an example of either a negative ingredient of the offense or a mere matter of defense embedded in the legislative definition thereof,—yet the only logical conclusion seems to be that our Legislature, when it incorporated so inseparably in its definition of rape the so-called common law exception, intended to make and did make the same a constituent part of the offense to be alleged and proved in the same manner as any other element. See also Clark's Criminal Procedure, Chapter VIII, section 98, especially sub-division *j*, at pages 257, 270, *et seq.*; and Joyce on Indictments, section 390, pages 452 *et seq.*

And we venture the suggestion that the confusion that seems to cloud the question in the minds of some of our courts may be avoided in a large measure by keeping clearly in view that much of what is so often referred to both in text-books and in the reported cases as common-law rape is merely statutory rape as defined by the earlier British enactments and accepted as of common-law force by the courts of this country together with the common law proper. 2 Bishop's New Criminal Law (eighth ed.) p. 640, sections 1108 *et seq.*; Bishop on Statutory Crimes (third ed.), p. 409, sections 478 *et seq.* The marriage relation was, of course, a matter of defense under the early English statutes which upon their face took no note of such an exception just as it is properly so regarded in those states of the Union whose legislatures have followed the same form of enactment. We see no reason to doubt that if the earlier British laws had expressly embodied in the enacting clause thereof such an exception as is found in the laws of California, Arizona, Montana, Oklahoma and Texas, the last mentioned as to females under age only, then the British courts would have held as do the courts of these states, except Montana, that the indictment or in-

formation must charge and the prosecution prove such nega-
tive element of the crime.

Be that as it may, we think a sound and common-sense
application of the fundamental principle of pleading in-
volved, as well as most of the adjudicated cases directly in
point, fully sustain us in the conclusion that under the defini-
tion of rape contained in our Penal Code the information
must allege, at least in substance, that the act charged was
"accomplished with a female not the wife of the perpetra-
tor." *Rice* v. *State,* 38 S. W. 801; *Rice* v. *State,* 38 S. W. 803;
*Edwards* v. *State,* 39 S. W. 368; *Dudley* v. *State,* 40 S. W.
269; *Cadenas* v. *State,* 40 S. W. 980; *Young* v. *Territory,*
58 Pac. 724; *Parker* v. *Territory,* 59 Pac. 9; *People* v. *Niles,*
101 Pac. 525; *People* v. *Everett,* 101 Pac. 528; *Lenord* v.
*State,* 137 Pac. 412; *Cutler* v. *State,* 138 Pac. 1048.

But the *fiscal* insists that the objection was waived by first
pleading to the information and thus came too late and to
sustain this view cites *Rex* v. *Wright,* 11 Can. Cr. Cas. 221,
39 Nova Scotia, 103, as "holding that if such an allegation
was necessary its omission could have been remedied under
the statute by amendment, and the defect was waived by
failure to object before pleading to the indictment." We
have not before us the statute referred to by the British
court as authorizing such amendment but the rule seems to
be otherwise in California under the provisions of a Code
of Criminal Procedure of which our own is a substantial
copy. *People* v. *Nelson,* 58 Cal. 104; *People* v. *Ross,* 103
Cal. 425; *People* v. *Smith,* 103 Cal. 563; *People* v. *Ellen-
wood,* 119 Cal. 166; *People* v. *Weber,* 133 Cal. 623. And
if, as we have just held, the non-existence of the marriage re-
lation between the defendant and the injured female is, under
our statute, an essential element of the crime, then this con-
tention of the *fiscal* is clearly untenable upon unquestionably
sound general principles. 1 Bishop's New Criminal Proce-
dure, section 123, sub-division 3, p. 92.

A somewhat less frivolous suggestion is involved in the

reference made to a certain degree of superficial inconsistency between the provisions of section 225 of the Penal Code, *supra,* and those of sections 130 and 131 of the Civil Code which, in so far as pertinent, read as follows:

"Section 130.—The requisites for the validity of a marriage are:

"1. The legal capacity of the contracting parties.

"2. Their consent.

"3. Authorization and celebration of a matrimonial contract according to the forms and solemnities prescribed by law.

"Section 131.—The following persons are incapacitated to contract marriage:

\*     \*     \*     \*     \*     \*     \*

"3. A person of the male sex under eighteen years of age and a person of the female sex under sixteen years of age. Marriage contracted by persons under the said age of puberty shall, nevertheless, be valid *ipso facto* and without an express declaration, if one day after having arrived at the legal age of puberty the parties shall have lived together without the representatives of either of them having brought suit against its validity, or if the woman shall have conceived before the legal age of puberty or before having established such suit."

Perhaps it is not entirely consistent to say that a defendant shall be shielded from all criminal responsibility by a void or voidable marriage contracted with the injured female who can no more consent to such so-called marriage than she can consent to an act of sexual intercourse without the formality of a ceremony. Yet, as we have seen, the Texas statute requires the state to negative the existence of the marriage relation in the case of females under age only and leaves the same to be pleaded and established, if at all, by the defendant in other cases. And even though a marriage contracted with a female under sixteen years of age were absolutely null and void, both as a contract and as a civil status, which is clearly not the result contemplated by subdivision 3 of section 131, *supra,* it would not necessarily follow that it should be regarded as equally non-existent when such non-existence is to be alleged and proved by the

State as an element of crime. The inconsistency between the doctrine of the Penal Code and that of the Civil Code, therefore, is more apparent than real.

In the framing of our code the Insular Legislature might have left the whole matter as it stood at common law; or it might have eliminated entirely from the case of females under age all possible question of the marriage relation; or, in its wisdom, it might have wiped out completely the last vestige of the barbarous theory that without serious challenge still survives as a sort of sacred mummy of the common-law matrimonial institution; but it elected, instead, to adopt the California definition of the crime, and it is our province to enforce the law as it stands, rather than strive to construe it away, or to mold it to suit our own preconceived ideas of what it should be.

There being no intrinsic impossibility or real inconsistency in recognizing, as adequate to relieve sexual intercourse with a female under age of its criminal aspect, a marriage relation that is otherwise invalid or even non-existent, and conceding the plenary legislative power to enact the law in its present form,—it is a sufficient answer to the argument of the *fiscal* that in the light of the provisions of the Civil Code, *supra,* the averment of the information as to the age of the injured female is in substance a negation of any possible marriage relation, to say that the theory thus suggested, if carried to its logical conclusion, simply and inevitably reads out of the statutory definition of rape the words "not the wife of the perpetrator" in all cases in which the age of consent is an element. In other words, if a marriage contract with a girl under age be such an absolute nullity that it cannot affect the criminal responsibility of the husband when charged with rape consisting solely in sexual intercourse with his child wife, who may be a fully developed woman in all but years, then the words last above quoted are mere surplusage and need not be negatived at all in the information, and the Legislature did a vain and useless thing

when without qualification or limitation of any kind and in language too plain to admit of construction it specified the case of a female under age as the very first of the circumstances under which "an act of sexual intercourse, accomplished with a female not the wife of the perpetrator," becomes rape.

But, by the express terms of the very section of the Civil Code upon which the Government rests its whole argument, if as the result of other similar acts the alleged victim has in fact conceived prior to the time of the act charged as an offense, then regardless of her age she has become *ipso facto* the wife of the accused, and it would seem to follow that the mere averment that she is, or was on the date laid in the information, under fourteen years cannot by any stretch of the imagination be said to cover the case.

True, "it is not necessary that there should be an express averment of matter which appears by necessary implication from that which is expressed." Joyce on Indictments, section 273, p. 293. Yet "it is a general rule that the want of a direct, positive and material allegation, in the description of the substance, nature or manner of the offense, cannot be supplied by any intendment, argument or implication." *Idem,* section 246, p. 266 *et seq.* And although "a negative averment need not be so minute or so nearly in the statutory words as must an affirming one; but any negation in general terms, covering the entire substance of the matter, will suffice  *  *  *," yet, "the whole exception where a negation is required, must be covered thereby,—in other words, it must be as broad as the exception, though it may be in general terms." 2 Bishop's New Criminal Procedure, section 641, p. 501.

Moreover, it does not appear that the theory of the *fiscal* as to the sufficiency of the negative averment by implication from the words of the information was the theory upon which the case was tried. On the contrary, the judge instructed the jury upon this point as follows:

"Nor is it necessary, under the law to prove that the supposed victim is not the wife of the accused. Jurisprudence is unanimous—particularly that of the Supreme Court of California—in holding that it is not necessary or essential to allege this fact in an indictment, because every woman is presumed to be single until the contrary is shown. The jury will observe whether any evidence has been introduced to impugn this information in this sense. The defense has introduced none in behalf of the accused; therefore this presumption that the supposed victim is a single woman obtains."

The accused was entitled not only to a positive averment negativing the existence of the marriage relation but to have the jury pass upon the sufficiency of the evidence in this regard under proper instruction by the court. And it will not do to say that the evidence clearly shows the non-existence of such relation. That is a question of fact to be determined by the jury and not by this court upon appeal.

We do not wish to be understood as deciding anything beyond the exact question involved herein. Similar problems will be disposed of as they arise, if they do. An information charging that the offense was committed upon a child of eight or ten years, for instance, might perhaps sufficiently negative the statutory exception although as to this we express no opinion. It is so much easier simply to follow the language of the statute than to attempt the substitution of a doubtful equivalent that there would seem to be no excuse for leaving any room for doubt in future cases. We simply hold that the facts stated in the information before us do not constitute a crime, that the defect is fatal and that the question was not waived by the plea of not guilty.

We do not deem it necessary to discuss the other errors assigned.

The judgment of conviction must be

*Reversed.*

Justices Wolf and del Toro concurred.
Chief Justice Hernández and Justice Aldrey dissented.

DISSENTING OPINION OF CHIEF JUSTICE HERNÁNDEZ AND JUSTICE ALDREY.

We do not concur in the judgment rendered to-day on the theory that the information is materially defective because it does not allege that the victim was not the wife of the defendant.

In so far as pertinent, the information filed against appellant Pedro Cortés reads as follows:

"At a time prior to the filing of the information in this prosecution, or about the month of May, 1914, the said defendant, Pedro Cortés, unlawfully and wilfully had carnal intercourse with Julia Cruz, a girl under the age of fourteen years, in Aguadilla, which forms part of the judicial district of Aguadilla."

At the trial the attorney for the defendant moved the court to quash the information and dismiss the prosecution on the ground that the facts alleged in the information did not constitute a public offense because it did not allege that the victim was not the wife of the defendant. The said motion was overruled by the court and the defense excepted.

Both parties having introduced their evidence, the court charged the jury and the jury found the defendant guilty of the crime of rape, whereupon the court entered the judgment from which the present appeal was taken.

Among other grounds for the reversal of the said judgment the appellant contends that the court erred in overruling the motion to quash the information on the ground that the acts charged against the defendant therein did not constitute a crime.

According to section 255 of the Penal Code, rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, among other cases, when the female is under the age of fourteen years.

The facts alleged in the information constitute the said crime of rape, for it is therein charged that the defendant had carnal intercourse with Julia Cruz, a girl under the age

of fourteen years. It is not essential to allege that Julia Cruz was not the wife of the defendant, for that fact is shown by natural inference. ''It is not necessary to include an express allegation of a fact which appears by natural deduction from what has been alleged expressly.'' Joyce on Indictments, sec. 273, p. 293.

The natural inference alluded to follows from the allegation in the information that the victim was under the age of fourteen years, inasmuch as section 131 of the Civil Code provides that a female under sixteen years of age is incapacitated to contract marriage and, therefore, the conditions were not such that Julia Cruz could have been the wife of the defendant.

It is true that subdivision 3 of the said section provides that marriage contracted between a male under eighteen years of age and a female under sixteen years of age shall be valid *ipso facto* and without an express declaration, if one day after having arrived at the legal age of puberty the parties shall have lived together without the representatives of either of them having brought suit against its validity, or if the woman shall have conceived before the legal age of puberty or before having established such suit; but that is an exception to the general rule that the marriage is invalid when contracted by incapacitated persons, and such exception, when it exists, should be alleged and proved in order to produce legal effect. As the defendant has not invoked the said exception we must conclude for the purposes of the information and the judgment that the victim was not his wife.

Nor can it be held that in cases like the present an information charging rape should always contain an allegation that the victim was not the wife of the defendant, for it seems to us that no one will maintain that such an allegation is necessary in a case, for instance, of a girl under eight years of age, and if it is not necessary in that case, we may well arrive at the conclusion that neither is it necessary when the girl is under fourteen years of age, because she is inca-

pacitated to contract marriage; but this does not prejudice
the right of the defendant to prove the marriage relation as
a matter of defense, which the appellant here has not done.

In view of the foregoing, the charge of the court to the
jury was not prejudicial to the appellant.

We need not consider the other grounds of appeal as they
are unimportant.

The judgment appealed from should be affirmed.