THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ALFONSO GARCÍA ITHIER, Defendant and Appellant.

No. 15780. Argued March 1, 1954.—Decided March 17, 1955.

*Felipe Marchand González* for appellant. *J. B. Fernández Badillo, Acting Attorney General,* and *Rafael L. Ydrach Yordán, Fiscal of the Supreme Court,* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

The defendant was charged in the Superior Court with the crime of assault with intent to commit rape. After a trial by the court without a jury, he was convicted and sentenced to a term of imprisonment of from one to two years.

The first error assigned is that the judgment is not sustained by the proof. We see no purpose in setting forth the testimony. We have examined the record and are satisfied that it contains evidence sufficient to justify the conviction. See *The People* v. *Sierra, alias Chiquito,* 16 P.R.R. 169.

The defendant also argues that the information is defective in that it fails to allege that the prejudiced person was not the defendant's wife. We need not reexamine the question of whether an information charging rape must include the allegation that the prejudiced person was not the defendant's wife. See *People* v. *Cortés,* 24 P.R.R. 195. It is enough to dispose of the point to say that under § 222 of the Penal Code, 1937 ed., an information charging assault

with intent to commit rape need not negative the possible defense that the prejudiced person was the defendant's wife. *People* v. *Estrada,* 53 Cal. 600 (1879); *People* v. *Blankenship,* 228 P. 2d 835 (Cal., 1951); see *People* v. *Castro,* 75 P.R.R. 630.[1] The information is valid in view of the fact that it is substantially in the language of the statute, § 222 of the Penal Code. *People* v. *Portalatín,* 72 P.R.R. 145; *People* v. *Meichtry,* 231 P. 2d 847 (Cal., 1951).[2]

 The defendant complains of the action of the trial court in reopening the case after the People had rested its case and permitting the district attorney to present testimony showing that the prejudiced person, a nine-year old girl, was not the defendant's wife. The reopening of a case for this purpose is in the discretion of the trial court. *People* v. *Nieves,* 40 P.R.R. 367. There is nothing in the record to show abuse of this discretion.

The judgment of the Superior Court will be affirmed.

---

[1] We do not read *People* v. *Everett,* 10 Cal.App. 12 (Cal., 1909) as holding the contrary in view of the peculiar situation in that case. But even if the *Everett* case be contrary to our position, it was decided by an intermediate court whereas the *Estrada* case, with which we agree and which was decided before our Legislature copied § 222 from the California equivalent, was decided by the Supreme Court of California.

[2] The information alleges the essential elements of the crime of assault with intent to commit rape under § 222 of the Penal Code. Those allegations are controlling rather than the erroneous label of the information: attempt to commit rape. *People* v. *Conroig,* 60 P.R.R. 163. For the distinction between these two crimes, see *People* v. *Marrero,* 57 P.R.R. 699; 14 Cal.Jur.2d § 29, pp. 215–6, and footnote 8.