EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALFONSO GARCÍA ITHIER, acusado y apelante.

Número 15780.
*Sometido:* 1 de marzo de 1954.  *Resuelto:* 17 de marzo de 1955.

*Felipe Marchand González,* abogado del apelante; *Hon. Secretario de Justicia Interino J. B. Fernández Badillo* y *Rafael L. Ydrach Jordán, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

Se acusó al apelante ante el Tribunal Superior de ataque con intención de cometer violación.  Celebrado el juicio por

tribunal de derecho, fué convicto y sentenciado a una pena de uno a dos años de presidio.

El primer error señalado es que la sentencia no está sostenida por la evidencia. Es innecesario relatar ésta aquí. Hemos examinado los autos y de ellos surge evidencia suficiente para justificar la sentencia. Véase *El Pueblo* v. *Sierra, (a) Chiquito*, 16 D.P.R. 176.

Sostiene también el apelante que la acusación es defectuosa porque no alega que la perjudicada no fuera su esposa. No es necesario que volvamos a examinar la cuestión de si una acusación que imputa el delito de violación debe incluir la alegación de que la perjudicada no sea la esposa del acusado. Véase *Pueblo* v. *Cortés*, 24 D.P.R. 208. Basta decir para disponer del asunto que a tenor con el art. 222 del Código Penal, ed. de 1937, una acusación que impute ataque con intención de cometer violación no tiene que negar la posible defensa de que la perjudicada sea la esposa del acusado. *People* v. *Estrada*, 53 Cal. 600 (1879); *People* v. *Blankenship*, 228 P.2d 835 (Cal. 1951); véase *Pueblo* v. *Castro*, 75 D.P.R. 672.[1] En vista de que la acusación está redactada sustancialmente en el lenguaje del estatuto, art. 222 del Código Penal, la misma es válida. *Pueblo* v. *Portalatín*, 72 D.P.R. 152; *People* v. *Meichtry*, 231 P.2d 847 (Cal., 1951).[2]

Se queja el acusado de la actuación del tribunal

[1] No interpretamos el caso de *People* v. *Everett*, 10 Cal. App. 12 (Cal., 1909) como que resuelve lo contrario en vista de la peculiar situación existente en el mismo. Pero aun cuando el caso de *Everett* fuere contrario a nuestra posición, dicho caso fué resuelto por una corte intermedia mientras que el caso de *Estrada*, con el cual convinimos y que fué resuelto antes de que nuestra Asamblea Legislativa copiara el art. 222 del equivalente de California, fué resuelto por la Corte Suprema de dicho estado.

[2] La acusación expone los elementos esenciales del delito de ataque con intención de cometer violación a tenor con el art. 222 del Código Penal. Dichas alegaciones son las que rigen el caso y no el erróneo título de la acusación: tentativa de violación técnica. *Pueblo* v. *Conroig*, 60 D.P.R. 168. Para la diferencia entre estos dos delitos, véanse *Pueblo* v. *Marrero*, 57 D.P.R. 713; 14 Cal. Jur. 2d sec. 29, págs. 215-6, y escolio 8.

sentenciador al reabrir el caso luego de haber el Pueblo terminado su prueba a fin de permitirle al fiscal presentàr testimonio al efecto de que la perjudicada, una niña de nueve años, no era la esposa del acusado. La reapertura de un caso con estos fines descansa en la discreción del tribunal sentenciador. *Pueblo* v. *Nieves*, 40 D.P.R. 384. Nada hay en los autos que demuestre abuso de tal discreción.

*La sentencia del Tribunal Superior será confirmada.*