EL PUEBLO, DEMANDANTE Y APELADO, *v.* CORTÉS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla, en causa por violación.

No. 818.—Resuelto en junio 24, 1916.

VIOLACIÓN—ELEMENTO ESENCIAL DEL DELITO—ESPOSA.—En una acusación por violación de una mujer menor de catorce años, de acuerdo con el apartado 1 del artículo 255 del Código Penal, es necesario que se alegue en ella, como requisito esencial y para que pueda imputarse un delito *prima facie,* que la ofendida no es la esposa del acusado.

ID.—ESPOSA—FALTA DE ALEGAR QUE LA OFENDIDA NO ES LA ESPOSA DEL ACUSADO—RENUNCIA.—La omisión en una acusación por violación de una mujer menor de catorce años, de alegar en ella que la perjudicada no era la mujer propia del acusado, es un defecto sustancial y no se entiende renunciado porque el acusado conteste la acusación alegando su no culpabilidad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Enrique González Mena.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON emitió la opinión del tribunal.

El acusado y apelante fué declarado culpable por un delito de violación a virtud de una acusación en la cual se alegaba que "el citado Pedro Cortés, en época anterior a la presentación de esta acusación, o sea, allá por el mes de mayo de 1914, en Aguadilla, que forma parte del distrito judicial del mismo nombre, ilegal y voluntariamente, tuvo contacto carnal con la niña menor de catorce años de edad Julia Cruz."

Al empezar el juicio presentó el acusado una moción solicitando el sobreseimiento y archivo de la causa, por el fundamento de no imputarse ningún delito en la acusación, por la razón, entre otras de muy poca importancia para ser discutidas seriamente, de que en la referida acusación no se alega que la presunta perjudicada no es la esposa del acusado. Esta moción fué declarada sin lugar, contra cuya resolución fué tomada excepción y se alega que fué errónea la acción tomada por la corte en cuanto al particular.

El artículo 255 del Código Penal es en parte como sigue:

"Se comete violación, yaciendo con una mujer que no fuera la propia, en cualquiera de los casos siguientes:

"1. Si la mujer fuere menor de ·catorce años."

\*        \*        \*        \*        \*        \*        \*

La única cuestión que así fué promovida que hay necesidad de considerar es si el párrafo "yaciendo con una mujer que no fuere la propia," comprendido en·la definición del estatuto a que acabamos de hacer referencia, constituye un elemento esencial del delito y debe, por tanto, ser alegado en la acusación para que pueda imputarse en ella un delito *prima facie,* o si la ley solamente reserva al acusado su derecho, de acuerdo con la ley común, a establecer el estado matrimonial como materia de defensa, y al hacerlo así establece únicamente una excepción, que si bien está incorporada en la definición del estatuto no es necesario presentar por adelantado mediante una alegación por parte del Fiscal negando dicho estado.

Aunque ésta es la más importante, sino la cuestión vital envuelta en esta apelación, el apelante, como frecuentemente sucede, levanta simplemente la cuestión y sin hacer citas de autoridades ni argumentar el punto, deja enteramente confiada su investigación al tribunal. El Fiscal en su contestación llama incidentalmente la atención hacia el hecho de hallarse dividida la jurisprudencia, nos cita la obra Cyc. tomo 33, página 1440 en apoyo de su escueta manifestación de que el peso de las autoridades sostiene la resolución de

la corte inferior y haciendo enteramente caso omiso de los casos de Texas y Oklahoma mencionados en la nota, hace referencia al único caso de California que allí se cita, el de *People* v. *Estrada,* 53 Cal. 600, que es un caso de ataque para cometer violación, el que claramente se distingue por "no ser de aplicación a una acusación en que se alega un delito de violación" en el caso de *People* v. *Miles,* 101 Pac. 527, y en otros más.

Es, además, una curiosa coincidencia que a pesar del sorprendente ejemplo que presentan los casos que han sido resueltos con respecto a la gran dificultad con que a veces se tropieza al aplicar a las circunstancias peculiares de un caso en particular un principio elemental de procedimiento criminal que es enteramente claro, ningún tratadista autorizado parece haber aprovechado la clara oportunidad que de tal modo se ha presentado para el esclarecimiento filosófico de una cuestión que es algo dudosa y muy interesante.

Así, pues, Wharton resuelve prontamente el principio general envuelto, agrupando sencillamente algunos casos para aclarar su definición del delito en la nota final titulada "No es necesario negar las excepciones de un estatuto a menos que sea tal la excepción que el hecho de tener que negarla sea parte esencial de la definición o reseña del delito imputado." 1 Ley Criminal, sec. 14, página 19. Además, en la página 921 de dicho tomo, sección 728, expresa el mismo tratadista que "debe probarse la inexistencia del matrimonio entre la perjudicada y el acusado," y aunque al discutir los requisitos de una acusación por una tentativa, en la página 302, sec. 231, indica que "es un principio conocido de procedimiento criminal que cuando un acto sólo es procesable bajo ciertas condiciones dichas condiciones deben expresarse en la acusación," y si bien el lenguaje usado en la página 938, sección 737, a saber: (la bastardilla es nuestra) "de acuerdo con el estatuto, *a falta de un precepto que lo requiera* no es necesario alegar en la acusación que la mujer violada no era la esposa del acusado," parece ser algo vaga-

mente previsor, la única cita que se hace, sin embargo, es
la de la "sec. 740 que viene después." Siguiendo lo que aquí
se indica no solamente encontramos poca ayuda en el párrafo
a que de tal modo se ha hecho referencia, sino que en la sec-
ción siguiente nos tropezamos abiertamente con la amplia e
ilimitada afirmación de que "en una acusación por violación
no es necesario alegar que la mujer perjudicada no era la
esposa del acusado," donde se citan por completo todos aque-
llos casos que tienden a apoyar el texto, pero ninguno de
los que están en contra.

De igual modo Bishop en su obra sobre Delitos Estatuto-
rios, en la página 410, tercera edición, sección 481, discute con
la corte de Ohio sobre una cuestión que es algo semejante,
que proviene de un estatuto de Ohio algo singular, y por
virtud del sólido principio que fué correctamente aplicado
a los hechos allí envueltos, llega a la muy lógica conclusión
de que "cuando la mujer no es la 'hija o hermana,' este
hecho es simplemente materia de defensa contra el delito
mayor." "Y," agrega justamente que "es un principio de
procedimiento criminal que lo que es materia de defensa,
aunque esté comprendido en el estatuto, no tiene que ser
negado en la acusación que se formule con arreglo al mismo."
Pero no se menciona la cuestión que ahora consideramos.
Además, al citar la expresión que es algo vaga, pero que es
de importancia en ciertas opiniones emitidas por las más
altas cortes de los Estados cuyo Código Penal contiene
un párrafo semejante al que ahora se considera, pero sin
hacer citas de estos casos, llama la atención en la página 283,
sec. 326, tomo 1, "Nuevo Enjuiciamiento Criminal," hacia
el hecho de que "de vez en cuando nos encontramos en las
opiniones de los jueces con semejante lenguaje como el de
que 'si todos los hechos alegados en una acusación pueden
ser ciertos y no constituir sin embargo ningún delito, la
acusación es insuficiente,' " Y el comentario que hace es
el siguiente: "Para que sea correcta esta expresión debe
ser interpretada en el sentido de que significa que la acu-

sación es insuficiente cuando todos los hechos que en ella se imputan, de ser verdaderos, en conjunto no constituyen un delito *prima facie.* En ningún otro sentido ha sido sostenida la doctrina contenida en esta cita por ninguna verdadera resolución de algún juez.''

También dicha eminente autoridad en la página 1883, tomo 3º., de la obra citada últimamente, sección 956, expresa lo siguiente: ''Un hombre no puede cometer violación con su esposa, a menos que sea como autor en segundo grado, a pesar de lo cual no es necesario negar en la acusación el matrimonio entre el acusado y la mujer perjudicada.'' En esta página solamente se menciona un caso en contra, el de *People* v. *Everett,* 101 Pac. 528, y se citan en apoyo del texto los casos de *Belcher* v. *State* (Apelaciones Criminales de Texas, 1898), 44 S. W. 519, y *Parker* v. *Territory,* 9 Oklahoma, 109, 59 Pac. 9. En el caso de Belcher la corte de Texas se expresó como sigue (la bastardilla es nuestra):

''No existe nada en la moción del apelante para que se suspenda la sentencia que se base en el hecho de no imputarse en la acusación que la perjudicada no era la esposa del apelante. Esto, de acuerdo con el estatuto es aplicable solamente a dos clases de personas con las cuales puede cometerse violación. Uno es la violación de una mujer que tiene tan enfermas sus facultades mentales al cometerse el delito, que carece de voluntad para oponerse al acto carnal; y el otro es el contacto carnal con una mujer menor de quince años. *En todos esos casos requiere el estatuto que la acusación contenga la alegación de que tal persona no es la esposa del acusado.* No entendemos que esto sea aplicable a un cargo corriente de violación mediante violencia, amenazas, o engaño con una mujer que tiene edad para consentir.''

Esa parte del estatuto de Texas que es pertinente a la cuestión que aquí se discute ha sido expresada y la interpretación invariable que le han dado las cortes de Texas aparece bien explicada en el caso de *Rice* v. *State,* 38 S. W. 801. En el caso de Parker, la Corte Suprema de Oklahoma, de acuerdo con un estatuto idéntico al nuestro en lo que

respecta a la parte que ahora se considera, resolvió en una razonada opinión, de la que se cita el sumario, que: "Una acusación por el delito de violación según el estatuto de Oklahoma debe contener la alegación de que la mujer con quien se cometió el delito no era la esposa de la persona acusada del delito." Estos casos, sin embargo, no son aprobados, distinguidos ni comentados, en el mismo o en otra parte, y ni siquiera se mencionan las numerosas y bien razonadas decisiones dictadas en igual sentido por las cortes de apelación de los Estados en que aparece nuestra propia definición u otra definición estatutoria parecida.

La dificultad que hay en cualquier tentativa de acuerdo con la definición de nuestro propio código para ajustarse a la regla de la ley común según ha sido expuesta por Wharton y Bishop aparece bien demostrada por el penoso esfuerzo hecho por la Corte Suprema de Montana en el caso de *State v. Williams,* 23 Pac. 335. Por otra parte, la teoría que sostiene que la excepción hecha en el estatuto es un elemento esencial del delito más bien que una materia de defensa, puede crear algún inconveniente, es un hecho que ha sido sugerido en el caso de *Ex parte Kantrowitz,* 140 Pac. 1078. Sin embargo, la incompatibilidad que existe, si es tal incompatibilidad, parece ser únicamente un poco más anómala que la sugerida por la semejante sino igualmente paradójica proposición de la ley común como ha sido indicado por Bishop, *supra.* Véase también a Clark y Marshall, Law of Crimes, página 422, sección 300.

Además, aunque en el texto citado últimamente se expresa por ejemplo que "se dice ordinariamente que un hombre que tiene contacto carnal con su esposa sin su consentimiento no es culpable de violación por no ser ilegal el contacto," sin embargo, "la mejor teoría es que por el matrimonio la mujer presta su consentimiento al contacto con su marido, consentimiento que no puede retirar, pero no consiente a tener dicho contacto con otra persona, de donde resulta que es una cuestión de consentimiento más bien que

de la ilegalidad del contacto. 1 Hale P. C. 629.'' 33 Cyc.
1419, nota. Y el criterio a que se ha hecho referencia parece
obviar la dificultad de modo tan eficaz según el estatuto
como en la ley común.

Si es éste el criterio más correcto de la doctrina de la
ley común, entonces al tratar de justificarla por el funda-
mento algo más digno de ser tomado en consideración de
existir una especie de impedimento injustificado debido al
consentimiento prestado irrevocablemente al contraerse el
matrimonio, tal criterio destruye prácticamente todas aque-
llas cualidades distintivas que puedan servir de disculpa,
y por consiguiente de defensa que hayan podido caracteri-
zar la exención de un marido de responsabilidad criminal de
acuerdo con la ley común, por razón de un derecho personal
técnico que proviene de su estado civil, y claramente revela
la verdadera naturaleza y carácter intrínseco de la excepción
estatutoria que no afecta como la impotencia a la ''capa-
cidad del ofensor para cometer el delito,'' sino que más bien
como la edad o condición mental de la víctima que no ofrece
resistencia, a la ''capacidad de la persona con quien se co-
mete el delito,'' por comprender no tanto el injustificado
derecho del marido según la ley común a obligar a la esposa
que opone resistencia a sus importunas caricias, como la
cuestión de consentimiento en la relación que tiene con la
esencia misma del delito, tanto de acuerdo con la ley común
como con el estatuto,—por constituir no una mera excepción
que sirva de disculpa a un *crimen generalissimum,* sino una
verdadera restricción en el alcance del delito, restringiendo
su efecto a una clase determinada de personas, e imponiendo
a éste ciertas determinadas condiciones. Código Penal, ar-
tículo 257. 1 Wharton, Ley Criminal, artículo 175, página
219 y siguientes; artículo 180, página 222 y siguientes; ar-
tículo 696, p. 869; artículo 698, página 893; Wharton, Pro-
cedimiento y Práctica Criminal (edición novena), artículo
241, pág. 167.

El principio general por el cual debemos guiarnos ha sido

brevemente expresado por Bishop en el tomo 2 de su "Nuevo
Procedimiento Criminal, Capítulo XXXVIII": Los requisi-
tos esenciales de la acusación, secciones 513 (párrafos 1 y
5), 513ª., 519; Capítulo XL, Métodos especiales respecto a
las acusaciones fundadas en el estatuto, sección 593,—párrafo
III, la regla que sigue las palabras del estatuto, secciones
612, 614,—párrafo V: "Qué debe negarse en la acusación y
en qué forma," página 491, sección 631 y siguientes. Y
aunque es bastante raro que hasta en este caso, entre los
copiosos ejemplos de la regla no se hace mención en abso-
luto del precepto estatutorio que ahora se considera y que
es común a varios Estados, por presentar un ejemplo ya
de un elemento negativo o de una simple materia de defensa
incorporada en la definición que del mismo ha dado la legis-
latura,—sin embargo, la única conclusión lógica parece ser
la de que nuestra Legislatura, al incorporar de modo tan
inseparable en su definición del delito de violación la lla-
mada excepción de la ley común, trató e hizo que la misma
fuera parte esencial del delito para ser alegada y probada
al igual que cualquier otro elemento. Véase también a Clark,
Procedimiento Criminal, Capítulo VIII, sec. 98, especialmente
el párrafo *f*, páginas 257, 270, y siguientes: y a Joyce, sobre
acusaciones, sec. 390, páginas 452 y siguientes.

Y nos atrevemos a sugerir que la confusión que parece
oscurecer la mente de algunas de nuestras cortes puede evi-
tarse en gran parte teniendo muy presente el hecho de que
mucho de lo que tan a menudo se habla tanto en los libros
de texto como en los casos publicados, como violación según
la ley común, es meramente violación con arreglo al estatuto,
como ha sido definido por las más antiguas disposiciones
legislativas de Inglaterra y aceptadas como con fuerza de
ley común por las cortes de este país junto con la ley común
propia. 2 Bishop, Nueva Ley Criminal, (8ª. ed.) p. 640, ar-
tículos 1108 y siguientes; Bishop sobre Delitos Estatuto-
rios (3ª. Ed.), página 409, secciones 478 y siguientes. El
estado marital era, desde luego, materia de defensa bajo los

primitivos estatutos ingleses que según su faz no tomaban en cuenta tal excepción como precisamente se considera en aquellos Estados de la Unión cuyas legislaturas han seguido la misma forma de legislar.  No vemos que haya razón para dudar que si las primitivas leyes inglesas habían incorporado expresamente en su parte dispositiva una excepción tal como la que se encuentra en las leyes de California, Arizona, Montana, Oklahoma y Texas, estas últimas en cuanto a las mujeres menores de edad solamente, entonces las cortes inglesas hubieran resuelto, como lo hacen las cortes de estos Estados, menos Montana, que la acusación o denuncia debe alegar y el gobierno probar tal elemento negativo del delito.

Sea eso como fuere, creemos que la aplicación correcta y de acuerdo con el sentido común del principio fundamental de procedimiento que está envuelto, así como la mayoría de los casos resueltos y que son directamente aplicables sostienen enteramente nuestra conclusión, de que según la definición del delito de violación contenida en nuestro Código Penal, debe alegarse·en la acusación, por lo menos en substancia, que el acto imputado fué "realizado con una mujer que no era la esposa del delincuente." *Rice* v. *State,* 38 S. W. 801; *Bice* v. *State,* 38 S. W. 803; *Edwards* v. *State,* 39 S. W. 368; *Dudley* v. *State,* 40 S. W. 269; *Caidenas* v. *State,* 40 S. W. 980; *Parker* v. *Territory,* 59 Pac. 9; *People* v. *Miles,* 101 Pac. 525; *People* v. *Everett,* 101 Pac. 528; *Lenord* v. *State,* 137 Pac. 412; *Cutler* v. *State,* 138 Pac. 1048.

Pero el Fiscal insiste en que la objeción fué renunciada por el hecho de contestar la acusación en primer término, y por tanto que dicha objeción fué presentada demasiado tarde; y para sostener este criterio cita el caso de *Rex* v. *Wright,* 11 Can. Cr. Cas, 221, 39 Nova Scotia 103, en el que "se declara que si era. necesaria tal alegación, su omisión pudo haber sido subsanada de acuerdo con el estatuto mediante enmienda y que el defecto fué renunciado desde el momento en que no se objetó antes de contestar a la acu-

sación." No ha sido sometido a nuestra consideración el estatuto a que se refiere la corte inglesa por el que se autoriza tal enmienda, pero la regla parece ser distinta en California según las prescripciones de un Código de Enjuiciamiento Criminal del cual el nuestro es una copia substancial. *People* v. *Nelson,* 58 Cal. 104; *People* v. *Ross,* 103 Cal. 425; *People* v. *Smith,* 103 Cal. 563; *People* v. *Ellenwood,* 119 Cal. 166; *People* v. *Weber,* 133 Cal. 623. Y si, como ya hemos resuelto precisamente, la inexistencia del matrimonio entre el acusado y la mujer perjudicada es, de acuerdo con nuestro estatuto, un elemento esencial del delito, entonces esta alegación del Fiscal es claramente insostenible indiscutiblemente, según los sanos principios generales. 1 Bishop, Nuevo Enjuiciamiento Criminal, sec. 123, párrafo 3, página 92.

Una cuestión algo menos frívola es la que aparece en la referencia que se hace a cierto grado de incompatibilidad superficial que se dice existir entre los preceptos del artículo 225 del Código Penal, *supra,* y los de los artículos 130 y 131 del Código Civil, los cuales, en tanto son pertinentes, dicen lo siguiente:

"Artículo 130.—Los requisitos necesarios para contraer matrimonio son:

"1. Capacidad legal de los contratantes.

"2. Consentimiento de las partes contratantes.

"3. Autorización y celebración de un contrato matrimonial mediante las formas y solemnidades prescritas por la ley.

"Artículo 131.—Son incapaces para contraer matrimonio:

"     *     *     *     *     *     *     *

"3. Los varones menores de diez y ocho años y las mujeres menores de diez y seis años. Se tendrá, no obstante, por revalidado *ipso facto* y sin necesidad de declaración expresa, el matrimonio contraído por menores de dicha edad, si un día después de haber llegado a la pubertad legal, hubiesen vivido juntos sin haber reclamado en juicio contra su validez las personas que legalmente les representen, o si la mujer hubiese concebido antes de la pubertad legal o de haberse entablado la reclamación."

Quizás no sea enteramente lógico el expresar que un acu-

sado estará exento de toda responsabilidad criminal por razón de un matrimonio que es nulo. o anulable, contraído con la perjudicada que no puede prestar más consentimiento al así llamado matrimonio, que el consentimiento que pueda dar para un acto de contacto carnal, sin llenar la formalidad de una ceremonia. Sin embargo, como hemos visto, el estatuto de Texas exige que el Gobierno niegue la existencia del estado matrimonial en los casos de mujeres menores de edad únicamente, y deja esto para ser alegado y probado por el acusado en otros casos. Y aun cuando un matrimonio contraído con una mujer menor de diez y seis años fuera absolutamente nulo .y sin ningún valor, tanto como contrato y como un estado civil, lo que claramente no es la intención del párrafo 3 del artículo 131, *supra,* de ahí no se desprende necesariamente que deba considerarse como igualmente inexistente, cuando tal inexistencia ha de ser alegada y probada por el Estado como un elemento del delito. La incompatibilidad que existe entre la doctrina del Código Penal y la del Código Civil es, por tanto, más bien aparente que real.

En la preparación de nuestro código la Legislatura Insular pudo haber dejado toda la cuestión según era en la ley común o pudo haber eliminado completamente del caso de mujeres menores de edad toda cuestión posible en lo que respecta a la relación matrimonial; o, en su sabiduría, pudo haber borrado completamente el último vestigio de la bárbara teoría que, sin seria oposición, aún sobrevive, a manera de momia sagrada de la institución matrimonial de la ley común; pero, en vez de esto, eligió adoptar la definición del crimen en California, y nuestro deber es aplicar la ley como ella aparece y no tratar de anularla por interpretación o amoldarla a nuestras ideas preconcebidas de lo que esa ley debería ser.

No existiendo ninguna verdadera imposibilidad o incompatibilidad en reconocer como suficiente para hacer desaparecer el aspecto criminal que tiene el contacto carnal con una mujer menor de edad, el matrimonio entre las partes,

que por lo demás es nulo o hasta inexistente, y reconociendo
la plena facultad que tiene la legislatura para decretar la
ley en su actual forma, es suficiente contestación al argu-
mento del Fiscal, que a la luz de los preceptos del Código
Civil, *supra,* la alegación que se hace en la acusación res-
pecto a la edad de la supuesta perjudicada constituye en sus-
tancia una negación de cualquier posible relación matrimo-
nial, pero decir que la teoría de tal modo sugerida de ser
llevada a su conclusión lógica, sencilla e inevitablemente ex-
cluye de la definición que da el estatuto del delito de viola-
ción, las palabras "que no fuere la propia" en todos los
casos en que la edad para consentir es un elemento. En
otras palabras, si el matrimonio con una muchacha menor
de edad es de tal modo nulo que no puede afectar a la res-
ponsabilidad criminal del marido cuando se le acusa de vio-
lación consistiendo únicamente en el contacto sexual con su
esposa menor de edad, que puede ser una mujer completa-
mente desarrollada en todo menos en edad, entonces las pala-
bras citadas últimamente son meramente superfluas y no es
necesario negarlas en absoluto en la acusación, habiendo la
legislatura ejecutado una cosa vana e inútil al determinar
sin restricción o limitación alguna y en lenguaje que es dema-
siado claro para ser susceptible de interpretación, el caso
de una mujer menor de edad como la primera de las circuns-
tancias bajo las cuales "yaciendo con una mujer que no fuere
la propia" se convierte en un delito de violación. Pero por
los términos expresos del mismo artículo del Código Civil
en el cual basa el Gobierno todo su argumento, si como con-
secuencia de otros actos parecidos la supuesta perjudicada
realmente ha concebido con anterioridad a la fecha de la
comisión del acto que se imputa como delito, entonces, de-
jando a un lado la cuestión de su edad, ella ha quedado con-
vertida *ipso facto* en esposa del acusado, de lo que parece
deducirse que la mera alegación de que es o era en la fecha
expresada en la acusación menor de catorce años no puede
decirse por cualquier esfuerzo de imaginación que comprende

el caso. Es cierto, "que no es necesario que exista una alegación expresa de una materia que aparece por deducción necesaria de lo que ha sido expresado." "Joyce, sobre Acusaciones," sec. 273, p. 293. Sin embargo, "es una regla general que la omisión de una alegación directa, positiva y esencial, en la descripción de la substancia, naturaleza o forma del delito, no puede quedar subsanada por ningún intento, argumento o deducción." *Idem,* sec. 246, p. 266 y siguientes. Y aunque "una alegación negativa no tiene que ser tan particular o tan ajustada a las palabras del estatuto como debe serlo una afirmativa, sino que cualquier negativa en términos generales, que comprenda toda la parte sustancial de la cuestión, será suficiente * * *" sin embargo, "es necesario que comprenda toda la excepción cuando se requiera la alegación negativa; en otras palabras, debe ser tan amplia como la excepción, aunque en términos generales." 2 Bishop, Nuevo Enjuiciamiento Criminal, sec. 641, p. 501.

Además, no consta que la teoría del Fiscal respecto a la suficiencia de la alegación negativa por deducción de las palabras contenidas en la acusación fuera la teoría por virtud de la cual se juzgó el caso. Por el contrario, el juez instruyó al jurado acerca de este punto en la forma siguiente:

" * * * tampoco es necesario dentro de la ley que se pruebe que la presunta perjudicada no es la mujer propia del acusado; la jurisprudencia es unánime, particularmente la doctrina del Tribunal Supremo de California al establecer que no es necesario ni esencial el alegarlo en un acta de acusación porque se presume que toda mujer es soltera mientras no se demuestre lo contrario. El jurado verá si se ha presentado alguna prueba que impugne esta acusación en este sentido; la defensa no ha presentado ninguna por parte del acusado, de manera que esta presunción de que la presunta ofendida es una mujer soltera se mantiene."

El acusado tenía derecho no solamente a que se hiciera una alegación positiva negando la existencia del matrimonio sino también a que el jurado considerara la suficiencia de la prueba en cuanto al particular mediante la debida ins-

trucción de la corte. Y no es bastante con decir que la prueba demuestra claramente la inexistencia de tal estado. Esa es una cuestión de hecho que ha de ser resuelta por el jurado y no por este tribunal en apelación.

No queremos que se entienda que estamos resolviendo nada que no sea precisamente la cuestión que aquí se ventila. Problemas semejantes serán resueltos a medida que se presenten. Una acusación en la que se alega que el delito fué cometido con una niña de ocho años, por ejemplo, tal vez si negaría suficientemente la excepción estatutoria en cuanto a éste aunque no emitimos parecer alguno. Es mucho más fácil seguir simplemente el lenguaje del estatuto que tratar de sustituirlo por otro equivalente que sea dudoso, que no parece existir ninguna excusa para que pueda haber dudas en los casos sucesivos. Solamente declaramos que los hechos expresados en la acusación que ha sido sometida a nuestra consideración no constituyen delito, que el defecto es fatal y que no se renunció a la cuestión al formularse la alegación de no culpable.

No estimamos necesario discutir los demás errores que han sido alegados.

La sentencia condenatoria debe ser revocada.

*Revocada la sentencia apelada sin perjuicio de procedimientos ulteriores que puedan seguirse de acuerdo con la ley.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

El Juez Presidente Sr. Hernández y el Asociado Sr. Aldrey disintieron.

OPINIÓN DISIDENTE DE LOS JUECES SRES. PRESIDENTE HERNÁNDEZ Y ASOCIADO ALDREY.

No estamos conformes con la sentencia dictada en esta fecha bajo la teoría de adolecer la acusación del defecto subs-

tancial de no expresarse en ella que la presunta ofendida no sea la esposa del acusado.

La acusación formulada contra el apelante Pedro Cortés en lo pertinente dice así:

"El citado Pedro Cortés en época anterior a la presente acción de esta acusación, o sea allá por el mes de mayo de 1914, en Aguadilla que forma parte del distrito judicial del mismo nombre, ilegal y voluntariamente tuvo contacto carnal con la niña menor de 14 años de edad Julia Cruz."

Al celebrarse el juicio el abogado defensor del acusado presentó moción a la corte para que se desestimara la acusación y se ordenara su archivo por cuanto los hechos en ella consignados no constituyen delito público, alegando al efecto haberse omitido expresar que la ofendida no sea la mujer del acusado. Esa moción fué declarada sin lugar por la corte, tomándose excepción por la defensa.

Practicadas las pruebas propuestas por ambas partes, la corte dió sus instrucciones al jurado y éste declaró culpable al acusado del delito de violación, dictándose luego la sentencia contra la que se ha interpuesto el presente recurso.

Entre otros motivos para pedir la revocación de dicha sentencia alega la parte apelante que la corte cometió error al declarar sin lugar la moción para que se desestimara la acusación por no constituir delito público los hechos imputados en ella al acusado.

Según el artículo 255 del Código Penal se comete violación yaciendo con una mujer que no fuera la propia, entre otros casos, cuando la mujer fuere menor de catorce años.

Los hechos relatados en la acusación determinan el delito de violación expresado, pues en ella se afirma que el acusado tuvo contacto carnal con la niña menor de catorce años de edad Julia Cruz. Es innecesaria la alegación de que Julia Cruz no es la mujer del acusado, pues tal alegación había de inferirse por deducción necesaria. "No es necesario que

exista una alegación expresa de una materia que aparece por deducción necesaria de lo que ha sido expresado.'' Joyce sobre acusaciones, sec. 273, p. 293.

La deducción necesaria a que hemos hecho referencia, nace del hecho consignado en la acusación de ser la ofendida menor de catorce años de edad, pues según el artículo 131 del Código Civil la mujer menor de 16 años está incapacitada para contraer matrimonio y por tanto no había términos hábiles para que Julia Cruz fuera la esposa del acusado.

Ciertamente que el número tercero del artículo citado establece que el matrimonio contraído por varones menores de dieciocho años y mujeres menores de dieciseis se tendrá por revalidado *ipso facto* y sin necesidad de declaración expresa si un día después de haber llegado a la pubertad legal hubiesen vivido juntos sin haber reclamado en juicio contra su validez las personas que legalmente los representen, o si la mujer hubiese concebido antes de la pubertad legal o de haberse entablado la reclamación; pero esa es una excepción a la regla general de que el matrimonio es nulo cuando se celebra sin capacidad para contraerlo, y tal excepción, cuando exista, debe alegarse y probarse para que produzca efectos legales. Como el acusado no ha invocado dicha excepción tenemos que admitir a los efectos de la acusación y de la sentencia que la ofendida no era su esposa.

Ni puede sostenerse que la acusación por violación deba contener siempre en casos como el presente la alegación de que la ofendida no es la mujer propia del acusado, pues nos parece que no habrá quien sostenga que dicha alegación es precisa cuando se trata *verbi gratia* de una niña menor de ocho años, y si en ese caso no es necesaria, bien podemos llegar a la conclusión de que tampoco lo será siempre que la ofendida sea menor de catorce años por estar incapacitada para contraer matrimonio, sin perjuicio del derecho del

acusado a establecer el estado matrimonial como materia de defensa, lo que no ha hecho el apelante.

Bajo los principios expuestos, las instrucciones dadas por el juez al jurado no causaron al apelante perjuicio alguno.

Además del motivo del recurso que hemos examinado se han alegado otros que no es necesario considerar por carecer de importancia.

Procede la confirmación de la sentencia apelada.