EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO PANIAGUA, acusado y apelante.

No. 2364.—*Visto:* Marzo 25, 1925. *Resuelto:* Abril 7, 1925.

1. "INDICTMENT" Y ACUSACIÓN—REQUISITOS Y SUFICIENCIA—DELITOS ESTATUTORIOS—EXCEPCIONES Y PROVISOS.—En una acusación por violación a la ley prohibiendo portar armas no es necesario alegar hechos que demuestren que el registro de la persona fué legal; cuando una excepción se incorpora en un estatuto penal de tal modo que forma parte de la definición del delito,

tal excepción debe ser negada en la acusación, pero cuando el delito se define y una excepción se enumera luego, el beneficio de la excepción debe ser alegada como defensa.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), condenando al acusado por delito de portar armas. *Confirmada.*

*José Soto Rivera* y *José R. García,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El acusado fué declarado culpable de un delito de portar armas prohibidas y la corte inferior le impuso la pena de sesenta días de cárcel.

No se ha elevado una exposición del caso ni pliego de excepciones, y la única cuestión planteada en este recurso por el apelante se refiere a la insuficiencia de la acusación, que en lo pertinente dice:

"Que en abril 20, 1924, y como a las 9:30 p. m. y en Hato Rey, de Río Piedras, del Distrito Judicial de San Juan, Segundo Distrito, el acusado Antonio Paniagua, allí y entonces, ilegal, maliciosa y voluntariamente y con fines de ofensa y defensa portaba sobre su persona un revólver calibre 38, cargado con seis cápsulas, arma construída exclusivamente para fines de ofensa y defensa, en momentos en que se encontraba en un *meeting* político en el que el acusado iba a tomar parte como orador, habiendo allí un gran número de personas con el fin indicado, violando de este modo lo que dispone la sección 4 de la Ley Prohibiendo Portar Armas, aprobada en 1º. de julio, 1905."

[1] Sostiene el apelante que según la ley prohibiendo portar armas, aprobada en marzo 9, 1905, según fué enmendada en marzo 12, 1908 (Comp. 1911, p. 992), estableciendo la distinción de cuándo es legal o ilegal el registro de personas por agentes del gobierno con el objeto de confiscar armas de fuego o de otra clase especificada en la ley, la denuncia en este caso debía contener los motivos que tuvo el denunciante para registrar y arrestar al acusado.

La contención del apelante se resuelve por el caso de *El Pueblo* v. *Rosenstadt & Waller, Inc.,* 28 D.P.R. 953, y casos en él citados, diciéndose lo que sigue:

"Cuando se incorpora una excepción en un estatuto penal de tal modo que forme parte de la definición del delito, tal excepción debe ser negada en cualquier acusación que se formule de acuerdo con dicho estatuto. *El Pueblo* v. *Cortés,* 24 D.P.R. 208. Si por el contrario se define primero el delito y éste contiene una excepción que luego se enumera, el beneficio de la excepción debe presentarse como defensa. *U. S.* v. *Cook,* 17 Wall 168; *El Pueblo* v. *Cortés, supra,* 16 C. J. 353; *Nesbit* v. *State,* 54 Pac. 326, 328; *Rider* v. *Lakewood Market Co.,* 88 A. 194, 196.

"Un mero examen del estatuto demuestra que el caso de un simple aprendizaje no es parte de la definición del delito, sino una clara excepción del mismo prescrita separadamente en una cláusula independiente. El no ser un aprendiz no forma parte de la definición."

El artículo 1º de la ley prohibiendo portar armas (Leyes de 1905, p. 23, Comp. 1911, p. 992), especifica las armas que se consideran prohibidas y la forma en que se entiende cometido el delito. El artículo 6 de dicha ley (sec. 5995 y siguientes, Compilación de 1911), cuando declara el caso de ser ilegal el registro es una excepción que se prescribe independientemente de la definición del delito y no es materia para ser negada en la acusación y sí de defensa para ser alegada y probada por el acusado.

*La sentencia debe ser confirmada.*