EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EMILIO MÁRQUEZ, acusado y apelante.

No. 2783.—*Visto:* Diciembre 2, 1926. *Resuelto:* Febrero 18, 1927.

1. DERECHO PENAL—FECHA DEL JUICIO Y SUSPENSIÓN — SOBRESEIMIENTO DE LA CAUSA Y DEL PROCESO—TÉRMINO PARA LA CELEBRACIÓN DEL JUICIO—DILACIÓN DE MÁS DE 120 DÍAS—TRANSCURSO DEL TÉRMINO POR INCOMPARECENCIAS DE ACUSADOS.—Estando los acusados obligados a enterarse de los señalamientos en las cortes de distrito, éstas no cometen error alguno al denegar la moción de sobreseimiento por haber transcurrido más de los 120 días estatutorios, cuando por virtud de posposiciones del juicio causadas por la no comparecencia de aquéllos ha transcurrido dicho término sin juicio.

2. ''INDICTMENT'' Y ACUSACIÓN—REQUISITOS Y SUFICIENCIA DE LA ACUSACIÓN— DE LOS DELITOS ESTATUTORIOS—EXCEPCIONES Y PROVISOS—NEGACIÓN.—En acusación por violación a la Ley prohibiendo portar armas, no es necesario que se expongan los hechos que constituyen la alegada ilegalidad de la portación del arma ni aquellas excepciones pertinentes de las consignadas en los artículos 5 y 6 de dicha ley; siendo estas últimas independientes · de la definición del delito, son materia para ser alegada y probada por el acusado.

3. ARRESTO—BAJO CARGOS CRIMINALES—ARRESTO SIN MANDAMIENTO—AUTORIDAD DE LOS AGENTES DEL ORDEN PARA VERIFICARLO—DELITOS COMETIDOS EN SU PRESENCIA.—Cuando una persona deje ver o descubrir un arma que porta a la vista de un policía que vigila y guarda el orden, tal hecho tiene el efecto de estar cometiéndose un delito en presencia de dicho policía y puede éste legalmente proceder al arresto de aquélla.

4. REGISTROS Y SECUESTROS — REGISTROS Y SECUESTROS ILEGALES — ACTUACIONES NO CONSTITUTIVAS DE REGISTROS Y SECUESTROS ILEGALES.—Cuando una persona descubre la existencia de un arma que porta porque la deja ver o des-

cubrir a la vista de un policía que vigila y guarda el orden en un sitio, el ocupar el arma en la persona del acusado no es registro ilegal que prescribe la ley.

5. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Errores no Perjudiciales—Exclusión de Prueba Objetada—En General.—El error al no permitir a un testigo declarar sobre ciertas manifestaciones de unos policías al arrestar al acusado, de existir, no constituye tal error cuando dicho testigo no presenció el arresto y se refiere a un momento distinto, y especialmente cuando, referidas las manifestaciones a preguntas del juez, éstas están en conflicto con la prueba de cargo, la corte resuelve dicho conflicto en contra del acusado y no se demuestra hubo error manifiesto, pasión, prejuicio o parcialidad en la apreciación de la prueba.

Sentencia de M. Rodríguez Serra, J. (San Juan, Segundo Distrito), condenando al acusado por delito de Portar Armas Prohibidas. Confirmada.

Hartzell, Kelley & Hartzell y Rafael O. Fernández, abogados del apelante; José E. Figueras, abogado de El Pueblo, apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

El apelante fué sentenciado a cumplir un mes de cárcel por portar una pistola en contravención a la Ley No. 14 prohibiendo la portación de armas, aprobada en junio 25, 1924.

[1] Señala como primer error el apelante haber denegado la corte inferior la moción en que solicitaba el sobreseimiento por haber transcurrido más de 120 días sin celebrársele el juicio y sin que él en ningún momento solicitase la suspensión.

El fiscal de distrito se opuso a la moción alegando que el juicio se había señalado para abril 7, 1925, y por no comparecer el acusado la corte pospuso la vista para abril 14, 1925, y que entonces por no comparecer tampoco el acusado se expidió contra él una orden de arresto.

La corte sostuvo al fiscal y denegó la moción, diciendo en su resolución que "el acusado había sido citado en dos ocasiones, no habiendo sido encontrado y habiéndose expedido una orden de arresto."

Sostuvo el apelante en su moción que él nunca había sido citado de los señalamientos indicados; que en el récord

constaba la dirección del acusado; que era un empleado de la New York & Porto Rico Steamship Co., un capataz conocido y que le hubieran podido encontrar preguntando en el sitio donde le fué ocupada el arma.

A pesar de estas alegaciones que implícitamente indican que el acusado estaba bajo fianza, el apelante no demuestra, señalando precepto alguno legal ni haciendo mención de autoridades, que el acusado debía ser citado para los dos señalamientos que se hicieron para el juicio. En los casos que se siguen ante las cortes municipales existe la disposición del artículo 24, según quedó enmendado en marzo 12, 1903. En él se prescribe la obligación de citar al acusado para el juicio, pero nada hemos encontrado en relación con las acusaciones presentadas ante las cortes de distrito. Parece, por consiguiente, que el acusado estaba obligado a enterarse del señalamiento, y en tales condiciones no hubo error por la corte al denegar la moción.

[2] Sostiene el apelante como segundo error la insuficiencia de la acusación, porque empleándose en la definición del delito, según contiene el artículo 1 de la ley prohibiendo portar armas, según quedó enmendada en junio 25, 1924, la palabra "ilegalmente," entonces es necesario que en la acusación se expongan los hechos que constituyan la alegada ilegalidad, debiendo exponerse, en un caso como el presente que se trata de la portación de una pistola, aquellas excepciones que sean pertinentes de las consignadas en los artículos 5 y 6 de la ley.

Igual cuestión se presentó en el caso de *El Pueblo* v. *Paniagua,* 34 D.P.R. 105, con la diferencia que la doctrina que dejamos allí sentada fué interpretando la ley prohibiendo portar armas que fué aprobada en marzo 9, 1905, según fué enmendada en marzo 12, 1908 (Comp. 1911, p. 922), pero ella no varía en su aplicación a la nueva ley. En aquel caso dijimos:

"La contención del apelante se resuelve por el caso de *El Pue-*

*blo* v. *Rosenstadt & Waller, Inc.,* 28 D.P.R. 953, y casos en él citados, diciéndose lo que sigue:

" 'Cuando se incorpora una excepción en un estatuto penal de tal modo que forme parte de la definición del delito, tal excepción debe ser negada en cualquier acusación que se formule de acuerdo con dicho estatuto. El Pueblo v. Cortés, 24 D.P.R. 208. Si por el contrario se define primero el delito y éste contiene una excepción que luego se enumera, el beneficio de la excepción debe presentarse como defensa. U. S. vs. Cook, 17 Wall. 168; El Pueblo vs. Cortés, supra, 16 C. J. 353; Nesbit vs. State, 54 Pac. 326, 328; Rider vs. Lakewood Market Co., 88 A. 194, 196' ".

[3, 4] Los restantes errores que levanta el apelante en su alegato los discute conjuntamente y se refieren: a la negativa de la corte a resolver la moción del acusado sobre devolución de la pistola; admitir en evidencia el arma ocupada ilegalmente, y por último, no permitir al testigo José M. León declarar sobre manifestaciones hechas por los policías al arrestar al acusado.

Según se desprende de la prueba de cargo, el acusado trabajaba en el muelle de una compañía de vapores y mientras trabajaba haciendo movimientos que inclinaban su cuerpo, uno de los policías vió el cabo de una pistola que sobresalía de uno de sus bolsillos. El policía le requirió para que entregara el arma; el acusado se negó y fué entonces llevado a una de las oficinas del muelle, donde había otro policía, a quien voluntariamente hizo la entrega.

El hecho de que el acusado dejase ver o descubrir un arma a la vista de cualquiera que fijase involuntariamente su mirada hacia él, tenía el efecto de estar cometiendo un delito en presencia de la policía que allí estaba vigilando y guardaba el orden y quien pudo percibir la comisión de un delito por el acusado, portando un arma de fuego en aquel sitio.

En el caso de *El Pueblo* v. *Guzmán,* 34 D.P.R. 121, citamos con aprobación del caso de *U. S.* v. *Kaplan,* 286 Fed. 973, lo siguiente:

"En el derecho común era siempre legal arrestar a una persona sin mandamiento cuando el delito era cometido en presencia de un funcionario y entrar en un edificio en que tal delito se estuviera cometiendo, también sin mandamiento. McBride v. United States (C. C.A. Fifth Cir.) 284 Fed. 416, 419; Vachina v. United States (C.C.A. Ninth Cir.) 283 Fed. 35. Este derecho no ha sido eliminado por disposiciones constitucionales ni estatutorias, y está tan bien establecido, que es innecesario hacer más citas."

Así es que los agentes del gobierno pudieron legalmente proceder al arresto del acusado, aún tratándose de un *misdemeanor*, por estarse cometiendo en su presencia. Del mismo modo descubriéndose la existencia del arma en la forma en que se verificó, cuando la misma quedaba a la vista de tales agentes, el ocupar el arma en la persona del acusado no es realmente el registro ilegal que prohibe la ley, sin estar provisto del correspondiente mandamiento a ese efecto.

[5] La negativa de la corte no permitiendo que el testigo José M. León declarase sobre ciertas manifestaciones de los policías que arrestaron al acusado y tendentes a confirmar en ese extremo la declaración del acusado, no constituyó error, si lo hubo, toda vez que el testigo no presenció los hechos en el acto de ellos haber arrestado al acusado y requerirle para la entrega del arma, sino que él se refiere al momento en que el acusado fué traído a una de las oficinas del muelle, y a preguntas de la defensa y del juez, él refiere las manifestaciones que coinciden con la del acusado en ciertos extremos, pero todas estas manifestaciones están en contradicción con la prueba de cargo y la corte resolvió el conflicto en contra del acusado, no demostrándose que la corte al hacerlo así cometiera error manifiesto o que obrara con pasión, prejuicio o parcialidad al apreciar en conjunto la prueba.

Por todo lo cual, *debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison no intervino.