UNION COMMERCIAL CORPORATION, demandante y apelada, *v.* ARTURO ORTIZ TORO y ELEUTERIO SANTIAGO, demandados y apelantes.

No. 4011.—*Visto:* Febrero 1, 1927. *Resuelto:* Julio 12, 1927.

1. EVIDENCIA—ADMISIONES—ADMISIONES ANTE LOS TRIBUNALES—ADMISIONES EN LAS ALEGACIONES—ADMISIBILIDAD EN JUICIO POSTERIOR—JUICIO ENTRE LAS MISMAS PARTES.—Admitida por estipulación en juicio anterior la veracidad de ciertas alegaciones que, al ser enmendada la demanda a los solos efectos de pedir en su súplica que se condenara a los demandados al pago del interés legal, permanecieron iguales, la admisión puede invocarse como válida en juicio posterior entre las mismas partes.

2. EMBARGOS—RESPONSABILIDADES SOBRE FIANZAS Y ''UNDERTAKINGS''—ACCIONES SOBRE FIANZAS—APELACIÓN—REVISIÓN—EVIDENCIA.—Atendidas las pruebas en este caso *se resolvió* que ellas eran suficientes para sostener la sentencia apelada.

SENTENCIA de *R. H. Todd Jr.,* J. (Ponce), declarando con lugar la demanda, con costas. *Confirmada.*

*Leopoldo Tormes García,* abogado de los apelantes; *Angel Fiol Negrón* y *Juan Valdejuli,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Por segunda vez viene este pleito a la Corte Suprema. La vez primera se practicó la prueba de la parte demandante y la parte demandada presentó una moción de *non suit* que fué declarada con lugar. Apeló la demandante y esta corte revocó la resolución recurrida. La opinión, emitida por el Juez Asociado Sr. Aldrey, termina así:

"(1) Las admisiones de los demandados y la evidencia presentada por la demandante prueban suficientemente *prima facie* todos los hechos de la demanda, por lo que la corte inferior cometió error al declarar sin lugar la demanda por los méritos de la prueba de la demandante; sin que sea obstáculo para esta conclusión que se presentara prueba secundaria sobre el contenido del pleito contra O'Sheaf y de la fianza que en ellos prestaron los demandados, pues éstos admitieron, y además se probó, que esos autos se han perdido." *Union Corp.* v. *Ortiz*, 24 D.P.R. 216, 219.

Devuelto el caso a la corte de distrito, se señaló la vista para el 26 de octubre de 1925. Comparecieron en dicho día las partes y la demandante pidió que el juicio continuara partiendo de la base de la prueba ya practicada. La corte no accedió y se celebró un juicio enteramente nuevo. Finalmente la corte dictó sentencia declarando la demanda con lugar y no conforme la parte demandada interpuso el presente recurso de apelación.

El primer error señalado se formula así:

"1.—La Corte cometió error al negar como negó la eliminación del hecho 5 de la demanda enmendada, todo lo que se alega allí de que la Corte de Distrito de Ponce considerando un memorándum de éstos lo aprobó a favor de la demandante por la suma de $111.40."

No sólo al señalar el error si que también al argumentarlo se sostiene que el memorándum fué aprobado por la corte de distrito, cuando lo cierto es que todo el procedimiento ocurrió en la Corte Municipal.

Aclarado esto diremos que el fundamento de la petición

de eliminación fué el de que por el hecho quinto de la demanda se intentaba recobrar honorarios de abogado y en las cortes municipales no podían imponerse tales honorarios. Contestó la demandante que en la demanda no se decía que el memorándum comprendiera honorarios y que en ciertos casos, cuando las partes se habían obligado a ello a virtud de un contrato, podían percibirse honorarios en las cortes municipales, y la. corte declaró sin lugar la eliminación.

No vemos que la corte cometiera error alguno. La parte demandada pudo pedir quizá que se especificaran las partidas del memorándum. De todos modos quedaba el juicio. La prueba tenía que presentarse y entonces se conocería si se incluían o no honorarios de abogado y podría suscitarse la cuestión para que la corte la decidiera al pronunciar su sentencia.

[1] 2. El segundo error es como sigue:

"2.—La Corte cometió error al declarar como declaró con lugar la moción de la demandante al objeto de que se tuvieran por admitidas las alegaciones número uno, dos, tres, cinco, seis y parte de la siete de la demanda enmendada, no obstante la contestación enmendada radicada con permiso de la corte."

Es cierto que se enmendó la demanda con permiso de la corte, pero lo fué sólo en la súplica para pedir que se condenara a los demandados al pago del interés legal sobre la reclamación desde que se interpuso la demanda. Las alegaciones de que se trata permanecieron iguales y la verdad de las mismas había sido admitida por estipulación de las partes por medio de sus abogados en el juicio anterior.

Siendo ello así, no cabe concluir que la corte cometiera error alguno al permitir que se presentaran como prueba las anteriores admisiones. Su decisión se sostiene por lo dispuesto en el artículo 35, apartado 2, de la Ley de Evidencia. Compilación de 1911, página 301, y por lo establecido por la jurisprudencia.

"La regla general," dice el tratadista Jones, "es que las admisiones hechas por un abogado en un pleito no son admisibles en otro pleito entre las mismas partes. Pero cuando se hace una admisión absoluta e incondicional en un caso pendiente, ya sea mediante estipulación escrita del abogado o como cuestión de prueba en el juicio, puede ser utilizada en un juicio subsiguiente y no puede ser retractada excepto con permiso de la corte mediante una demostración de error, engaño o sorpresa." 2 Jones on Evidence, 459–60.

Véase también el caso de *Nathan* v. *Diersen,* 146 Cal. 63.

[2] 3. El tercero y el cuarto y último error se refieren a haberse dado, según los apelantes, un alcance ilimitado a la declaración del testigo Pérez Mercado y a que la sentencia es contraria a las pruebas y a la ley.

La lectura de la evidencia practicada en este caso y la consideración de sus varios incidentes lleva al ánimo del juzgador el convencimiento de que la sentencia que se dictó es la única que podía dictarse.

La declaración del abogado Pérez Mercado es tan amplia y completa, que aún suponiendo que la corte hubiera cometido el segundo de los errores señalados, ella por sí sola bastaría para sostener la sentencia.

La reclamación original en cobro de pesos data del año 1921. Pérez Mercado fué el abogado de la Union Commercial Corporation. El pleito se dirigió contra Frank O'Sheaf. Se embargó un automóvil del demandado y para levantar el embargo los actuales demandados Ortiz Toro y Eleuterio Santiago prestaron una fianza. Obtenida sentencia favorable a la demandante, no pudo ejecutarse en bienes del demandado y entonces, en 1922, se inició este pleito contra los fiadores. Se perdió la fianza. Pérez Mercado celebró gestiones privadas. El demandado Santiago admitió ante él la verdad de su obligación. Y eso no obstante continuaba la lucha judicial, de tal modo que se ha llegado al 1927 y aún la demandante no ha podido hacer efectivo su pequeño crédito. Será duro a veces pagar una fianza, o sea una deuda que no se contrajo originalmente, pero una

vez asumida una obligación, el único deber claro que surge es cumplirla.

Las otras pruebas son todas congruentes con la declaración de Pérez Mercado. Parece conveniente decir que éste al celebrarse el nuevo juicio en que prestó la amplia declaración a que nos hemos referido, ya no era el abogado de la demandante.

*Debe confirmarse la sentencia recurrida.*